O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| INHALE, INC., a California Corporation,<br><br>                Plaintiff,<br><br>v.<br><br>STARBUZZ TOBACCO, INC., a California Corporation; WAEL SALIM ELHAL WANI, an individual residing in California,<br><br>                Defendants.<br>_____ | CASE NO. CV 11-3838 ODW (FFMx)<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS [9] |

      Currently before the Court is Defendants, Starbuzz Tobacco, Inc. and Wael Salim Elhal Wani's ("Defendants"), Motion to Dismiss Plaintiff Inhale, Inc.'s ("Plaintiff") Complaint, and alternatively, Motion for Summary Judgment. (Dkt. No. 9.) Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78 ("Rule __"); L.R. 7-15. For the following reasons, the Court **DENIES** Defendants' Motion.

1

Plaintiff brings this copyright infringement action pursuant to 17 U.S.C. § 101 to enjoin Defendants' alleged infringement of Plaintiff's federally registered copyright of a particular hookah design - Copyright Registration No. VA0001767997 for a 3-dimensional sculpture entitled Hookah Water Container. (Compl. ¶¶ 1, 12-13.) Specifically, Defendants are alleged to be advertising, offering to sell, and selling infringing hookahs. (Compl. ¶ 14.)

Prior to this action, Plaintiff and Defendants maintained a business relationship where Plaintiff supplied Defendants with custom hookahs. (Compl. ¶ 15.) In late 2010, the business relationship ceased and Plaintiff no longer supplied Defendants. (Compl. ¶ 16.) Subsequently, Plaintiff alleges that Defendants contracted with a Chinese supplier to manufacture infringing hookahs without Plaintiff's consent. (Compl. ¶¶ 17-19.) With full knowledge of Plaintiff's copyright, Defendants are alleged to have advertised and sold the infringing hookahs throughout the United States. (Compl. ¶¶ 20-21.)

To establish infringement, a copyright plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc., v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006). In this case, Plaintiff's allegations are sufficient to survive a motion to dismiss. As mentioned above, the Complaint contains specific allegations identifying the copyrighted hookah designs at issue and the nature of the alleged infringement. These allegations are sufficient to satisfy Rule 8(a)(2). *See Imageline, Inc. v. CafePress.com, Inc.*, No. CV 10–9794 PGS (MANx), 2011 WL 1322525, *2–3 (C.D. Cal. April 6, 2011) (finding sufficient, for purpose of withstanding motion to dismiss, allegation that "[e]ach Image is owned by Plaintiff, contains copyrightable subject matter under the laws of the United States, and has been registered with the United States Copyright Office"); *Robert Kubicek Architects & Assocs., Inc. v. Bosley*, No. CV–09–0145–PHX–MHM, 2009 WL 3188391, at *2 (D. Ariz. September 21, 2009) (finding Rule 8 satisfied where complaint "alleges present ownership of the copyright by the plaintiff," "identifies the

copyright registrations that were obtained for some of the works at issue," and "alleges infringement of the copyright by Defendants."). Accordingly, taking Plaintiff's allegations of material fact as true and construing them in a light most favorable to Plaintiff, the Court finds that the claim of copyright infringement is plausible and rises above the speculative level. Therefore, the Court DENIES Defendants' Motion to Dismiss Plaintiff's Complaint.[1]

IT IS SO ORDERED.

August 10, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to convert this motion to dismiss or to consider this motion as a motion for summary judgment because the parties have not had a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). If the parties so choose, a properly noticed motion for summary judgment shall be filed.