UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| INHALE, INC., | ) | No. CV 11-3838 ODW (FFMx) |
| Plaintiff, | ) ) | ORDER GRANTING MOTIONS TO COMPEL IN PART |
| v. | ) ) | |
| STARBUZZ TOBACCO, INC., WAEL SALIM ELHALAWANI, | ) ) ) | |
| Defendants. | ) ) | |

On December 30, 2011, defendants filed motions to compel additional responses to requests for production of documents ("RFP's), requests for admissions ("RFA's"), and special interrogatories ("SI's"). Because plaintiff's counsel had not cooperated with defendants' counsel in complying with the meet and confer requirements of Rule 37, the Court ordered the parties to meet in person at the offices of defendants' counsel by January 14, 2012. The Court further ordered the parties to file a joint report describing the resolution of any issues within 7 days of the meeting and, to the extent an issue was not resolved, the proposals each side made to resolve the dispute.

On January 20, 2012, the parties filed a joint report pursuant to the Court's order. The Court has reviewed the joint report and the other documents filed in connection with the motions. For the following reasons, the Court grants defendants' motion to compel plaintiff to provide answers to RFA Nos. 11, 12, 16, 17, 26, 27, 48 and 49. In addition, the Court grants defendants' motion to compel plaintiff to provide full and complete

answers without objections to SI Nos. 1-11.  Finally, the Court grants defendants' motion to compel plaintiff to produce documents responsive to RFP numbers 11 and 72. Plaintiff also is ordered to produce an object responsive to RFP No. 28, unless plaintiff already has produced a sample of an object containing all of the elements plaintiff contends are protected by its copyright and plaintiff provides written notice to defendants that it does not claim any protection for a skull graphic on its three dimensional sculpture.

The Court's ruling is based on the following:

## REQUESTS FOR ADMISSIONS

Unlike the remaining vehicles for discovery, RFA's are not designed to elicit information.  Rather, they are designed to save time by removing the necessity of providing evidence to prove uncontested issues of fact (or the genuineness of uncontested documents).  Therefore, the precise wording of an RFA request is more significant than that of an Interrogatory or a RFP.  Plaintiff relies on this fact in objecting to RFA Nos. 2, 11-13, 16, 17, 26, 27, and 48-55.

RFA Nos. 2, 13, and 16, seek admissions that "*the* hookah water container" that plaintiff gave to Huang in 2006:  (a) was made in the Czech Republic; (b) included a gold inlay; and (c) did not have a skull pattern.  Plaintiff contends that it gave several hookah water containers to Huang in 2006 for mass production, which had various inlays and graphics and not all of which were made in the Czech Republic.  Plaintiff contends that under these circumstances any admission (or denial) would be misleading.  The Court agrees, in part.  These RFA's are premised on the assumption that all the hookah water containers provided by plaintiff to defendant for mass production were:  (a) made in the Czech Republic (or not) (RFA No. 2); (b) included a gold inlay (or not) (RFA No. 13); and (c) did not have a skull pattern (or did) (RFA No. 16).  Because the premise is false with respect to RFA Nos. 2 and 13, plaintiff cannot be required to answer those RFA's. However, plaintiff does not contend in its opposition to the motion that any of the hookah

water containers it provided for mass production contained a skull pattern. Therefore, plaintiff is ordered to answer RFA No. 16.

RFA Nos. 11, 12, 17, 26, 27, 48, and 49 all seek admissions relating to relevant facts or issues. Therefore, plaintiff is ordered to answer RFA Nos. 11, 12, 17, 26, 27, 48, and 49.

RFA Nos. 50-55 seek admissions that plaintiff represented to various named individuals that it was a supplier for defendant. Plaintiff contends that these RFA's are irrelevant to any claim or defense in this action. Defendant does not argue that there is an issue in this action regarding whether or not plaintiff represented to third parties that it was a supplier for defendant. Rather, defendant argues that if these requests are admitted, it will be able to obtain information from third party witnesses. Defendant is already aware of the witnesses and can contact them without any admissions from plaintiff. Because the requests do not seek an admission of any fact or issue relevant to this action, the motion is denied with respect to RFA Nos. 50-55.

## INTERROGATORIES

As opposed to RFA's, Interrogatories are designed to elicit information. With respect to answering Interrogatories, the responding party is in a position to answer the thrust of the question and specify how the answer may be limited to, say, a specific product or group of products, if necessary to avoid confusion. In addition, prior to bringing a motion to compel, the Local Rules require the parties to meet and attempt to work out any disputes. This required meeting gives the parties an opportunity to clarify any alleged ambiguity in the questions or answers in order to facilitate the discovery of information that one party is obligated to provide and the other party is entitled to obtain. Here, not one of the disputes regarding the SI's should have survived the pre-motion meeting. No difficult question regarding application of a privilege or other serious legal question is raised by any of the objections. All of the questions are relevant and the use of the phrase "the hookah water container" instead of the phrase "any of the hookah water

1  containers" does not raise any substantive issue.  Therefore, plaintiff is ordered to provide
2  full and complete answers without objection to SI Nos. 1-11.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

5  Plaintiff contends that the documents required by RFP Nos. 11 and 72 are
6  confidential and should not be made public.  Plaintiff does not explain why it has not
7  provided a proposed protective order.  The parties are ordered to provide a joint proposed
8  protective order within 10 days of the date of this order.
9  Plaintiff is ordered to produce documents responsive to RFP Nos. 11 and 72.
10  RFP No. 28 requests the production of a sample of the copyrighted work.  Plaintiff
11  claims it has produced a sample.  Defendant contends that the item produced is not
12  covered by the copyright because it does not contain a skull graphic.  Plaintiff contends
13  that the skull graphic is not a protected element of its copyright.  To the extent plaintiff's
14  disclaimer of the skull graphic is binding on plaintiff, it need not produce a sample of an
15  object containing that graphic, so long as it has produced a sample of an object containing
16  all of the elements that plaintiff contends are protected by its copyright.  If plaintiff elects
17  to rely on its disclaimer, plaintiff must provide a written notice to that effect to
18  defendants' counsel at the same time that compliance with this order is due.
19  RFP Nos. 46-48 seek documents relating to plaintiff's communications with third
20  parties about its relationship with defendants.  Although the analysis is quite different for
21  determining whether an RFA is appropriate from determining whether an RFP is
22  appropriate, the Court nonetheless finds that these requests do not seek information that is
23  relevant to a claim or defense.  At a minimum, defendants have failed to articulate how
24  responsive documents would be relevant to any claim or defense pending in this action.
25  Therefore, the motion to compel further responses to these RFP's is denied.
26  / / /
27  / / /
28  / / /

## SANCTIONS

The Court finds that plaintiff was not substantially justified in refusing to answer RFA Nos. 11, 12, 16, 17, 26, 27, 48, and 49; SI Nos. 1-11; and RFP Nos. 11 and 72. Therefore, pursuant to Federal Rule of Civil Procedure 37, the Court provides plaintiff with an opportunity to be heard on whether the payment of defendants' expenses should be ordered. The Court sets the following schedule: Defendants must file a declaration setting forth the fees they incurred in bringing the motion within seven days of the date of this order; plaintiff must file any opposition to the imposition of fees and/or the amount of fees to be imposed within seven days thereafter; and defendants may file an optional reply within seven days thereafter. The Court will rule on the request for fees without further hearing after it has reviewed the papers submitted by the parties.

The production of further answers and documents required by this order must be completed within 20 days of the date of this order.

IT IS SO ORDERED.

DATED: January 31, 2012            /S/ FREDERICK F. MUMM
                                   FREDERICK F. MUMM
                                   United States Magistrate Judge

5