1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10   INHALE, INC., a California Corporation, | ) Case No.: CV 11-3838 ODW (FFMx) |
| 11 | ) |
| | ) **Honorable Frederick F. Mumm** |
| 12        Plaintiff, | ) |
| 13 | ) **[~~PROPOSED~~] PROTECTIVE** |
| | ) **ORDER GOVERNING** |
| 14     vs. | ) **DISCLOSURE OF** |
| 15   STARBUZZ TOBACCO, INC., a | ) **CONFIDENTIAL INFORMATION** |
| California Corporation; | ) |
| 16 | ) **NOTE CHANGES MADE BY** |
| 17   WAEL SALIM ELHALAWANI, an | ) **COURT** |
| individual residing in California | ) |
| 18 | ) |
| 19        Defendants. | ) |
| 20   _____ | ) |
| 21    And Related Counterclaims. | ) |
| 22 | ) |

23        WHEREAS, Plaintiff and Counter-Defendant, INHALE, INC. ("INHALE")

24   and Defendants and Counterclaimant STARBUZZ TOBACCO, INC. and WAEL

25   SALIM ELHALWANI (incorrectly sued as Wael Salim Elhalawani) (collectively

26   "STARBUZZ"), (all of the above being, collectively, the "Parties) believe that in

27   the course of this action certain information, documents, and testimony likely to be

28   disclosed and produced through discovery may constitute or incorporate

1  confidential commercial information, research or development and/or trade secrets

2  within the meaning of Federal Rule of Civil Procedure 26(c); and

3       WHEREAS, the Parties believe that entry of a protective order pursuant to

4  Federal Rule of Civil Procedure 26(c) would best protect their interests while

5  facilitating discovery in this action; and

6       WHEREAS, the Court finds good cause exists for the entry of this Protective

7  Order in this action pursuant to Federal Rule of Civil Procedure 26(c) in order to

8  protect confidential commercial information, research and development, and/or

9  trade secrets.

10       IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure

11  26(c), that this Protective Order shall govern the treatment and handling of any

12  information produced or disclosed by any Party or non-Party ("the Producing

13  Party") to this action, including without limitation, Rule 26 disclosures,

14  documents, depositions, deposition exhibits, interrogatory responses, responses to

15  requests for admission, and **deposition (FFM)** testimony (such information and/or

16  documents shall hereinafter be referred to as "Confidential Material") provided it is

17  designated (or, within the appropriate time limitation, is pending designation) as

18  being Confidential Material as required by this Protective Order.

19  It is further ordered that:

20       1.    Any Producing Party may designate any Confidential Material as

21  "CONFIDENTIAL" if such producing party in good faith believes that such

22  Confidential Material contains confidential or proprietary information, including

23  information in written, oral, electronic, graphic, pictorial, audiovisual, or other

24  form, whether it is a document,  information contained in a document, item

25  produced for inspection, information revealed during a deposition, information

26  revealed in an interrogatory answer, or otherwise **revealed in connection with**

27  **discovery herein**.  **(FFM)**

28  / / /

1    2.    Any Producing Party may designate any Confidential Material as
2    "CONFIDENTIAL—ATTORNEYS' EYES ONLY" if such producing party in
3    good faith believes that such Confidential Material contains confidential,
4    commercially sensitive, or proprietary information related to any of the following:
5    technical data, research and development information, marketing or other business
6    plans, product or service information, customer information, trade secrets,
7    competitive information, or financial information of the Producing Party,
8    including, without limitation, sales and cost information or any other information
9    of such sensitivity to warrant "Confidential—Attorneys' Eyes Only" treatment,
10   including, information in written, oral, electronic, graphic, pictorial, audiovisual, or
11   other form, whether it is a document, information contained in a document, item
12   produced for inspection, information revealed during a deposition, information
13   revealed in an interrogatory answer, or otherwise **revealed in connection with**
14   **discovery**.  **(FFM)**
15   3.    A Producing Party may designate any document or other tangible
16   information or thing as "Confidential" or "Confidential—Attorneys' Eyes Only"
17   by stamping a conspicuous place thereof with the legend CONFIDENTIAL or
18   CONFIDENTIAL—ATTORNEYS' EYES ONLY, respectively.  For example, in
19   the case of a document, a producing party may so mark the first page of a
20   multipage document and each page thereafter that actually contains Confidential
21   Material.  In the case of other tangible items, a producing party may so mark any
22   appropriate location.  For example, in the case of a computer disk, a producing
23   party may so mark the disk cover.
24   4.    The terms of this Protective Order are applicable to Confidential
25   Material produced by a non-party and designated "CONFIDENTIAL" or
26   "CONFIDENTIAL—ATTORNEYS EYES ONLY" only when the producing non-
27   party has a proprietary interest or other right in such Confidential Material, or
28   where the producing non-party is contractually obligated to maintain the

1 confidentiality of such Confidential Material.  A producing party may designate

2 documents, information, or things disclosed at a deposition of a producing party or

3 one of its present or former officers, directors, employees, agents, or independent

4 experts retained for purposes of this litigation as "Confidential" or "Confidential—

5 Attorneys' Eyes Only" on the record during the deposition; or by notifying all

6 parties in writing of the specific item so designated, within twenty one  (21)  days

7 of receiving a copy of the deposition transcript, of the specific exhibits or lines and

8 pages of the transcript that are believed in good faith to contain Confidential

9 Material.

10    a.    If a producing party designates such materials as "Confidential"

11    or "Confidential—Attorneys' Eyes Only" on the record, the court reporter

12    shall indicate on the cover page of the transcript that the transcript includes

13    Confidential or Confidential—Attorneys' Eyes Only information, shall list

14    the pages and lines numbers and/or exhibits of the transcript on or in which

15    such information is contained, and shall bind the transcript in separate

16    portions containing Confidential, Confidential—Attorneys' Eyes Only, and

17    non-Confidential material.  Further, during the period in which such

18    Confidential or Confidential—Attorneys' Eyes Only information is

19    discussed during the deposition, any person present during the deposition

20    who is not a Qualified Person, as defined below, or the court reporter, shall

21    be excluded from that portion of the deposition.

22    b.    A deposition transcript and the exhibits thereto shall be

23    presumed Confidential—Attorneys' Eyes Only in their entirety until twenty

24    one (21) days after receipt of the transcript by the producing party.  If, after

25    the deposition is taken, the producing party designates any portion of the

26    deposition transcript or exhibits as "Confidential" or "Confidential—

27    Attorneys' Eyes Only" by giving written notice as described above, all

28    persons receiving notice of such designation shall affix the same to the face

1    of their copy or copies of the transcript.  At the expiration of the twenty one

2    (21) day period, the transcript and exhibits shall automatically revert to non-

3    Confidential status, except those portions that have been designated on the

4    record or in writing as "Confidential" or "Confidential—Attorneys' Eyes

5    Only."  Nothing in this paragraph is intended to restrict any Party's right to

6    attend depositions pursuant to paragraph 7 hereof.

7           c.     A non-producing party may designate documents, information,

8    or things disclosed at a deposition as "Confidential" or "Confidential—

9    Attorneys' Eyes Only" in the same manner as a producing party if it has a

10   good faith basis for claiming a proprietary interest or other right in the

11   Confidential Material.

12          5.     Material designated as confidential under this Protective Order, the

13   information contained therein, and any summaries, copies, abstracts, or other

14   documents derived in whole or in part from material designated as confidential

15   (hereinafter "Confidential Material") shall be used only for the purpose of the

16   prosecution, defense, or settlement of this action, and for no other purpose, except

17   that a Party may seek permission from another court to use Confidential Material

18   produced under this Protective Order provided said Party gives advance notice to

19   the parties whose materials are sought to be used and provided no disclosure of

20   such Confidential Material is made until such other court grants the request for

21   permission.  The restrictions contained in this paragraph No. 5 may be modified by

22   written agreement of the parties, **but such modifications will not be considered**

23   **part of this order unless approved by the Court** ~~which agreement shall be~~

24   ~~enforceable as if incorporated herein~~.  **(FFM)**  Nothing in this paragraph shall

25   operate to bar motions in limine or similar motion to exclude the use of any

26   document in any action between the Parties on any appropriate and available basis.

27   ///

28   ///

1    6.    Confidential Material produced pursuant to this Protective Order may

2    be disclosed or made available only to the Court, to counsel for a Party (including

3    the paralegal, clerical, and secretarial staff employed by such counsel), and to the

4    "qualified persons" designated below:

5        a.    **three** officers or directors of a Party, or full-time employees

6        designated in writing as a representative of a Party who has supervisory

7        responsibility for this matter and is necessary to the prosecution, defense, or

8        settlement of this action;

9        b.    experts or consultants (together with their clerical staff) retained

10       by such counsel to assist in the prosecution, defense, or settlement of this

11       action, including outside photocopying, imaging, data base, graphics or

12       design services retained by outside counsel in connection with this action;

13       c.    court reporter(s) employed in this action; and

14       d.    any other person as to whom the parties in writing agree.

15   Prior to receiving any Confidential Material, each "qualified person" defined

16   in (a), (b), and (d) above shall be provided with a copy of this Protective Order and

17   shall execute and be bound by this Protective Order by signing a nondisclosure

18   agreement in the form annexed hereto as Exhibit A, a copy of which shall be

19   provided forthwith to counsel for each other party.

20   7.    Depositions may be taken in the presence of any persons, including

21   Parties, but any Party may request that (a) non-qualified persons leave the room for

22   responses containing any Confidential Material; and (b) Parties leave the room for

23   responses containing CONFIDENTIAL – ATTORNEY'S EYES ONLY

24   information.  No Party shall be entirely excluded from any deposition.

25   8.    Material designated "CONFIDENTIAL – ATTORNEY'S EYES

26   ONLY" and the information contained therein, shall be disclosed only to the Court,

27   to outside counsel for the Parties (including the paralegal, clerical, and secretarial

28   staff employed by such counsel) and to the "qualified persons" listed in

1 subparagraphs 6(b) through (d) above, but shall not be disclosed to a Party, or to an

2 officer, director or employee or a Party, except as provided above or unless

3 otherwise agreed in writing or ordered by the Court.  If disclosure of Attorney's

4 Eyes Only Material is made pursuant to this paragraph, all other provisions in this

5 order with respect to confidentiality shall also apply.

6       9.    Copies of Confidential or Confidential—Attorneys' Eyes Only

7 material may be submitted to the Court in connection with any proceedings,

8 motions or hearings, provided that such materials are filed **along with an**

9 **application to have those materials filed under seal.  The application must**

10 **show good cause for the under seal filing**.  To the extent possible, only those

11 portions of a filing with the Court that contain material designated as

12 "Confidential" or "Confidential—Attorneys' Eyes Only" shall be filed under seal.

13 To the extent that no Confidential or Confidential—Attorneys' Eyes Only

14 information is disclosed, the parties may refer to, and quote from, documents

15 designated as "Confidential" or "Confidential—Attorneys' Eyes Only" in

16 pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the

17 need to file such pleadings, motions, briefs, affidavits, or exhibits under seal.

18       10.    In the event that any Confidential Material is used in any court

19 proceeding in this action, ~~it shall not lose its confidential status through such use,~~

20 ~~and~~ **(FFM)** the Party using such material shall take all steps reasonably available to

21 protect its confidentiality during such use.

22       11.    At any stage of these proceedings, should any party object to a

23 designation of any information, documents, or things as "Confidential" or

24 "Confidential—Attorneys' Eyes Only," the Party shall provide written notice of its

25 objection with the designation.  The parties and/or the producing party shall first

26 attempt to resolve such objection in good faith on informal basis.  If the objection

27 is not thereby resolved, the objecting Party may apply for a ruling from the Court

28 pursuant to Local Rule 37 determining whether the materials in question are

1  properly designated under the terms of this Protective Order.  Until the Court

2  makes such determination, all material designated as "Confidential" or

3  "Confidential—Attorneys' Eyes Only" shall be treated as such.

4        12.    [PARAGRAPH DELETED]

5        13.    Nothing in this Protective Order shall preclude any party to the

6  lawsuit or their attorneys from:

7        a.    Showing materials designated as "Confidential" or

8  "Confidential—Attorneys' Eyes Only" to an individual who either prepared

9  or reviewed the document prior to the filing of this action, or is shown by the

10  document to have received the document;

11        b.    Disclosing or using, in any manner or for any purpose, any

12  information, documents, or things from the Party's own files that the Party

13  itself designated as "Confidential" or "Confidential—Attorneys' Eyes

14  Only";

15        c.    Disclosing or using, in any manner or for any purpose, any

16  information, documents, or things that were obtained from a source other

17  than discovery or to which a Party has a right of access independent of

18  discovery, or that were already known to such Party by lawful means, prior

19  to obtaining from or disclosure by, the other Party in the action, provided,

20  however, that the alternate source of such information, documents or things

21  was not under an obligation of confidentiality (as evidenced  by a writing)

22  to a Party in the litigation at the time such information, documents or things

23  were obtained; or

24        d.    Disclosing or using, in any manner or for any purpose, any

25  information, document, or thing that is at the time of production or

26  disclosure, or subsequently becomes, through no wrongful act or failure to

27  act on the part of the receiving party, generally available to the relevant

28

[Proposed] Protective Order Governing Disclosure of Confidential Information

1  public through publication or otherwise or is already rightfully in the

2  possession of the receiving party at the time of production; or

3  14.  If either party is served with a subpoena or similar process, from any

4  entity whatsoever, directing that Party to produce any materials designated as

5  "Confidential" or "Confidential—Attorneys' Eyes Only" not so designated by that

6  Party, the counsel for that Party shall immediately give counsel for the designating

7  party written notice, by hand delivery or facsimile transmission, of the fact of such

8  service so that the designating Party may seek a protective order or otherwise act to

9  protect the confidentiality of the designated materials.

10  15.  This Protective Order is entered solely for the purpose of facilitating

11  the exchange of documents and information between the parties to this action

12  without involving the Court unnecessarily in the process.  Nothing in this

13  Protective Order nor the production of any information or document under the

14  terms of this Protective Order nor any proceedings pursuant to this Protective

15  Order shall be deemed to have the effect of an admission or waiver by either Party

16  or of altering the confidentiality or non-confidentiality of any such document or

17  information or altering any existing obligation of any Party or the absence thereof.

18  16.  This Protective Order shall survive the final termination of this action,

19  to the extent that the information contained in Confidential Material is not or does

20  not become known to the public, and the Court shall retain jurisdiction to resolve

21  any dispute concerning the use of information disclosed hereunder.  Within **thirty**

22  **(30)** days of the conclusion of this action, including any appeals, counsel for the

23  parties shall assemble and return to each other all documents, material and

24  deposition transcripts designated as confidential and all copies of same, or shall

25  certify the destruction thereof.  Notwithstanding this provision, Counsel are

26  entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

27  memoranda, correspondence or attorney work product, even if such material

28  contain Confidential Material, for the period of one (1) year.  Any such archival

1 | copies that contain or constitute Confidential Material remain subject to this

2 | Protective Order.

3 | 17. The inadvertent or unintentional disclosure by the Producing Party of

4 | attorney-client privileged information or attorney work-product, either by way of

5 | document production or deposition testimony, shall not be deemed a waiver of

6 | privilege for such information, provided that the Producing Party promptly makes

7 | a good-faith representation that such production was inadvertent or mistaken and

8 | takes prompt remedial action to withdraw the disclosure.  Within three (3) business

9 | days of receiving a written request to do so from the Producing Party, the

10 | Receiving Party shall return to the Producing Party any documents or tangible

11 | items that the Producing Party represents are covered by a claim of attorney-client

12 | privilege or work product immunity and were inadvertently or mistakenly

13 | produced.  The receiving party shall also destroy any extra copies or summaries of,

14 | or notes relating to, any such inadvertently or mistakenly produced information,

15 | and certifying compliance with this provision; provided, however, that this

16 | Protective Order shall not preclude the Party returning such information from

17 | making a motion to compel production of the returned information **pursuant to**

18 | **Local Rule 37**.  The Producing Party shall retain copies of all returned documents

19 | and tangible items for further disposition and, if such a motion is filed, shall

20 | provide copies to the Court of the documents, item or information which is the

21 | subject of the motion.  In the event that a Producing Party discovers in a

22 | deposition, inadvertently or unintentionally disclosed documents containing

23 | attorney-client privileged information or attorney work-product, the Producing

24 | Party may make a request on the record for the receiving party to return the

25 | documents or tangible items that the Producing Party represents 1) are covered by

26 | a claim of attorney-client privilege or work product immunity and 2) were

27 | inadvertently or mistakenly produced; in which event, the receiving party shall be

28 | precluded from deposing a witness with respect to such inadvertently or mistakenly

1  produced documents, other than to explore the basis for a claim of privilege or

2  work product.

3       18.    The inadvertent or unintentional disclosure by the Producing Party of

4  "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY",

5  information either by way of document production or deposition testimony,

6  regardless of whether the information was so designated at the time of disclosure,

7  shall not be deemed a waiver in whole or in part of a Party's claim of

8  confidentiality as to the information disclosed. Any such inadvertently or

9  unintentionally disclosed "CONFIDENTIAL" and/or "CONFIDENTIAL-

10  ATTORNEYS' EYES ONLY" information, not designated as such pursuant to

11  paragraph 1 or 2, shall be designated as "CONFIDENTIAL" or

12  "CONFIDENTIAL-ATTORNEYS' EYES ONLY", as soon as reasonably possible

13  after the Producing Party becomes aware of the inadvertent or unintentional

14  disclosure and provides written notice to the Receiving Parties.  The Receiving

15  Party shall thereafter mark and treat the materials as "CONFIDENTIAL" or

16  "CONFIDENTIAL-ATTORNEYS' EYES ONLY" as appropriate, and such

17  materials shall be fully subject to this Protective Order as if they had been initially

18  so designated.

## GOOD CAUSE STATEMENT

20       19.    In discovery in this copyright case, the parties will be required to

21  exchange competitively sensitive information about the opposing parties' business

22  activities to which they and third parties would not otherwise have access,

23  including information regarding the parties' forward-looking plans and strategies,

24  and analyses of competitive markets.  Allowing the parties or third parties to use

25  such competitively sensitive information would cause harm to the competitive

26  position of the disclosing party.  The parties seek the entry of this Protective Order

27  to prevent the unauthorized use or dissemination of confidential information

28  produced in discovery during this action by competitors.

1        a.     No document, information, or thing shall be designated

2 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

3 unless good cause exists for such designation under the standards set forth in

4 *Phillips v. G.M. Corp.*, 307 F.2d 1206, 1209 (9th Cir. 2002) and other

5 relevant authority. Good cause exists for the designation of information as

6 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" when the information

7 has not been made public and falls into one of the categories identified in

8 paragraph 2 hereof.

9        b.     Good cause exists for the designation of information as

10 "CONFIDENTIAL" when the information has not been revealed to the

11 public and the information falls into one of the categories identified in

12 paragraph 1 hereof.

13        c.     The Parties shall use reasonable efforts to minimize the amount

14 of material designated as "CONFIDENTIAL" or "CONFIDENTIAL –

15 ATTORNEYS' EYES ONLY."

16        d.     This Protective Order applies to such "CONFIDENTIAL" and

17 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information furnished

18 in this litigation regardless of the form in which it is transmitted and

19 regardless whether the information is furnished by a party or third party.

20 Such information may be contained in documents, written discovery

21 responses, declarations, deposition testimony, exhibits, and other materials

22 or **deposition (FFM)** testimony provided by any Party.

23

24 IT IS SO ORDERED

25

26 Dated: February 13, 2012

27                               /S/ FREDERICK F. MUMM

28                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

12
13

| | |
|---|---|
| INHALE, INC., a California Corporation, | ) Case No.:2:11-cv-03838-ODW-FFM |
| | ) |
| | ) **Honorable Frederick F. Mumm** |
| Plaintiff, | ) |
| | ) **EXHIBIT A TO [PROPOSED]** |
| vs. | ) **PROTECTIVE ORDER** |
| | ) |
| STARBUZZ TOBACCO, INC., a California Corporation; | ) |
| | ) |
| | ) |
| WAEL SALIM ELHALAWANI, an individual residing in California | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| And Related Counterclaims. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13

1                           **DECLARATION**

2         I, _____, declare:

3         1.    I reside at _____

4 I am employed as [state position] _____ by [name and

5 address of employer] _____.

6         2.    I am aware that a Protective Order dated _____ 2012 has been

7 entered in Case No.  2:11-cv-03838-ODW-FFM in the United States District Court for

8 the Central District of California.  A copy of that Protective Order has been given to me.

9         3.    I hereby certify that I am one of the persons allowed under paragraphs 6 or

10 8 of the Protective Order to receive access to information, documents, or things

11 designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY,"

12 respectively.  I also agree to be bound by the terms of the Protective Order, specifically

13 including the requirement that information, documents, and things I may receive that are

14 designated as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES

15 ONLY," and all copies, notes, summaries, and other records made regarding such

16 information, documents, and things, shall be disclosed to no one other than persons

17 specifically allowed by paragraphs 6 or 8 of the Protective Order, respectively, to have

18 access to such information.

19         4.    I agree to act in good faith in carrying out my duties under the Protective

20 Order.

21         5.    I understand that any use or disclosure by me which is contrary to my

22 undertakings in this declaration will constitute a violation of the Protective Order and

23 may subject me to sanctions by the Court for contempt.

24         6.    I hereby consent the Court's continuing exercise of jurisdiction over me for

25 the purpose of enforcing the Protective Order.

26         I declare under penalty of perjury that the foregoing is true and correct.

27

28 Dated: _____                       _____

[Proposed] Protective Order Governing Disclosure of Confidential Information