**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INHALE, INC., <br><br> Plaintiff, <br> v. <br><br> STARBUZZ TOBACCO, INC.; WAEL SALIM ELHALAWANI; <br><br> Defendants. | Case No. 2:11-cv-03838-ODW(FFMx) <br><br> **ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [40]** |

## I. INTRODUCTION

Pending before the Court is Defendants' Motion for Summary Judgment. (Dkt. No. 40.) The Court has considered the parties' briefs, submitted evidence, and oral arguments. For the following reasons, the Court **GRANTS IN PART** Defendants' Motion.

## II. BACKGROUND

Plaintiff Inhale, Inc. designs, manufactures, and sells various types of smoking products, including hookahs. (Compl. ¶ 5.) A hookah is a device used to smoke tobacco, among other things. A hookah's design directs tobacco smoke down through a pipe and into a water container, which filters and cools the tobacco smoke for inhalation. The schematic below depicts a hookah's design and function.




A hookah typically comprises three distinct sections—a bowl, a body, and a water container. The bowl mounts on top of the body; the body mounts on top of the water container. A user places tobacco in the bowl and hot coals on top of the tobacco, causing the tobacco to smoke. As the user inhales on the hose, smoke travels from the bowl down through the body and into the water inside the water container. The water filters and cools the smoke. The filtered smoke then bubbles out of the water and is inhaled by the user through the hose.

On August 29, 2008, Plaintiff published a water container decorated with a skull and crossbones graphic. (SUF ¶ 1.) On April 21, 2011, Plaintiff registered its water container with the United States Copyright Office. (SUF ¶ 3.) Plaintiff's copyright registration is for a "sculpture/3-D artwork" titled "Hookah Water Container." (Teran Decl. Ex. D.)

On May 4, 2011, Plaintiff sued Defendants for copyright infringement, alleging Starbuzz sold water containers, beginning on December 29, 2010, that infringe Plaintiff's copyrighted design. (SUF ¶ 2.) Plaintiff alleges infringement based solely on the shape of the water container, and not on the skull and crossbones graphic. (SUF ¶ 6.) For the purposes of this lawsuit, Plaintiff disclaimed copyright protection to the skull and crossbones. (Mot. 3; SUF ¶ 6.)

Defendants seek summary judgment of noninfringement. Specifically, Defendants claim that Plaintiff cannot prevail in this action because the shape of the water container is not copyrightable. In the alternative, Defendants seek summary judgment that Plaintiff is not entitled to attorney's fees or statutory damages under the Copyright Act, if the Court finds that the shape of the water container is entitled to a copyright.

### III. LEGAL STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Id.*

A genuine issue of material fact must be more than a scintilla of evidence, or evidence that is merely colorable or not significantly probative. *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* Where the moving and nonmoving parties' versions of events differ, courts are required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## IV. DISCUSSION

**A. Copyright infringement**

To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright in the infringed work, and (2) copying of the copyrighted work's original elements. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). A copyright registration made within five years of a work's first publication is "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).

Plaintiff's copyright registration—for a "sculpture/3-D artwork" titled "Hookah Water Container"—was issued less than five years after the work was first published. (Teran Decl. Ex. D.) Thus, this is prima facie evidence that this copyright is valid.

In registering its design, Plaintiff submitted photographs of a water container with a skull and crossbones graphic to the Copyright Office. (Compl. Ex. A.) One such photograph is reproduced below.



1    In this litigation, Plaintiff disclaimed copyright protection to the skull and crossbones graphic. (Mot. 3; SUF ¶ 6.) But the effect of the disclaimer is uncertain. That is, it is unclear whether Plaintiff's disclaimer affects the copyright's presumption of validity; or whether the disclaimer is effective without formally declaring so before the United States Copyright Office.

The parties have neglected to discuss this issue. Thus, the Court declines to opine on the effect of the disclaimer. Instead, the Court will assume the disclaimer is valid.[1]

Assuming Plaintiff's disclaimer is effective, only the shape of the water container remains under the copyright. Defendants argue that the water container—without the skull and crossbones graphic—is not copyrightable. An accused infringer can rebut the presumption of validity of a copyright registration. *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011). To rebut the presumption, the accused infringer must offer some evidence to dispute the plaintiff's prima facie case of infringement. *Id.*

Defendants provide expert testimony that the water container is a useful article not subject to copyright protection because its artistic features are inseparable from its utilitarian features. (Lind Decl. 4.) The Copyright Act protects "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102. But copyright protection does not fully extend to works that are useful articles—articles "having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. A useful article is copyrightable only to the extent that its pictorial, graphic, or sculptural features can be

---

[1] Assuming Plaintiff's disclaimer is ineffective, the copyright registration consists of two separable elements—the skull and crossbones graphics and the water container itself. Plaintiff does not allege that Defendants have sold a water container bearing the skull and crossbones graphic. (*See* Compl. Ex. C.) And as discussed below, the shape of the water container is not copyrightable; copyright protection extends to only the skull and crossbones graphic. Accordingly, Defendants do not infringe Plaintiff's copyright if the disclaimer is void.

identified separately from—and are capable of existing independently of—the utilitarian purposes of the article. *Id.*; *Fabrica, Inc. v. El Dorado Corp.*, 697 F.2d 890, 893 (9th Cir. 1983). In other words, a useful article taken as a whole is not eligible for copyright protection, but its individual design elements may be. *Chosun Int'l v. Chrisha Creations, Ltd.*, 413 F.3d 324, 328 (2d Cir. 2005).

The parties agree that the water container is a useful article that holds water for and serves as a base to an attached hookah. (SUF ¶¶ 8, 10.) Because only the overall shape of the water container remains for this analysis, copyright protection for the water container hinges on whether this shape can be identified separately from, and is capable of existing independently of, the utilitarian aspects of the water container.

Plaintiff contends the water container's shape can be identified separately from its utilitarian aspects and thus is copyrightable. (Opp'n 11–12.) In support, Plaintiff points to other hookah water containers with different shapes and argues that the water container's shape is not critical to its function—and so, the water container's shape is separate from its function. (*Id.*) The Court rejects this reasoning.

The overall shape of a useful article is not copyrightable "no matter how aesthetically pleasing that shape may be." *Esquire, Inc. v. Ringer*, 591 F.2d 796, 800 (D.C. Cir. 1978). The Copyright Office's *Compendium II* expounds on this concept:

> [Separability] is not met by merely analogizing the general shape of a useful article to works of modern sculpture, since the alleged "artistic features" and the useful article cannot be perceived as having separate, independent existences. The shape of the alleged "artistic features" and of the useful article are one and the same . . . . The mere fact that certain features are non-functional or could have been designed differently is irrelevant under the statutory definition of pictorial, graphic, and sculptural works. Thus, the fact that a lighting fixture might resemble abstract sculpture would not transform the lighting fixture into a copyrightable work.

*Compendium of Copyright Office Practices II* § 505.03.

In an administrative opinion, the Copyright Office denied copyright protection to nine fancifully shaped glass bottles. *RE: Fanciful Ornamental Bottle Designs 1-9*,

1  Control No. 61-309-9525(S), April 9, 2008.  The Copyright Office opined that
2  although the bottles "may be novel and aesthetically pleasing, they are nevertheless
3  created in a way that allows them to function as . . . storage containers . . . .  Thus, the
4  form of the containers does not reflect purely aesthetic visions"; the artistic aspects of
5  the containers are not separable from the utilitarian elements.  (*Id.* at 10–11.)
6  Photographs of these nine glass bottles are reproduced below.





Likewise, the Ninth Circuit found that the famous blue skyy Vodka bottle, "although attractive, has no special design or other features that could exist independently as a work of art." *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1080 (9th Cir. 2000).

Plaintiff attempts to distinguish its water container from ordinary bottles, arguing that unlike bottles that are designed specifically to store or transport liquid, hookah water containers are only partially filled and are not used in the same way.

7

(Opp'n 4.)  The Court is not persuaded by Plaintiff's argument.  These noted differences are irrelevant; the fact that Plaintiff intended its water container to serve as a liquid-holding receptacle for a hookah—and not as a museum piece—is what matters.  *See Poe v. Missing Persons*, 745 F.2d 1238, 1242 (9th Cir. 1984) ("The evidence presented by both sides at the hearing . . . shows that [plaintiff] was attempting to create a work of art which portrayed an article of clothing.").

The shape of the water container in this case cannot be physically or conceptually separable from the container because the container's shape and the container are one and the same.  It matters not that Plaintiff's water container would still be functional if it had a different shape.  Nor does it matter that hookah water containers exist in all manners of size and shape.  The artistic aspects—if any—of Plaintiff's water container shape, are not separable from its utilitarian elements.  Thus, with the skull and crossbones graphic disclaimed, there is no copyright protection for the shape of the water container.  Accordingly, Defendants do not infringe Plaintiff's copyright.

**B.     Attorney's fees and statutory damages**

Since the Court finds no infringement, Defendants' Motion concerning attorney's fees and statutory damages is **DENIED AS MOOT**.

## V.     CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment of noninfringement is **GRANTED**.  Defendants' Motion for Summary Judgment of attorney's fees and statutory damages is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

June 18, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**