JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INHALE, INC., a California Corporation, | Case No.:2:11-cv-03838-ODW-FFM |
| Plaintiff, | **Honorable Otis D. Wright II** |
| v. | **FINAL JUDGMENT** |
| STARBUZZ TOBACCO, INC., a California Corporation; WAEL SALIM ELHALAWANI, an individual residing in California, | |
| Defendants. | |
| And Related Counterclaims. | |

On May 4, 2011, Plaintiff Inhale, Inc. ("Inhale") filed a complaint (the "Complaint") against Defendants Starbuzz Tobacco, Inc. ("Starbuzz") and Wael Salim Elhalwani (collectively the "Defendants") for copyright infringement. [ECF No. 1].

On August 23, 2011, Defendants subsequently filed an answer [ECF No. 17] to the Complaint and Starbuzz filed a counterclaim for invalidity of Inhale's Copyright (the "Counterclaim") [ECF No. 19].

On April 13, 2012, Defendants filed a motion for summary judgment with respect to Inhale's Complaint [ECF No. 40], which was granted by the Court on June 18, 2012. [ECF No. 54].

Pursuant to and for the reasons stated in this Court's June 18, 2012 order, in which the Court granted Defendants' motion for summary judgment with respect to Inhale's claim for copyright infringement, the Court hereby enters final judgment in this matter as follows:

**JURISDICTION**

1)   The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and venue is proper in this district.

**FINDINGS ON SUMMARY JUDGMENT**

2)   On May 4, 2011, Plaintiff sued Defendants for copyright infringement, alleging Starbuzz sold water containers, beginning on December 29, 2010, that infringe Plaintiff's copyrighted design. Plaintiff alleges infringement based solely on

the shape of the water container, and not on the skull and crossbones graphic.

3) On August 29, 2008, Plaintiff published a water container decorated with a skull and crossbones graphic. On April 21, 2011, Plaintiff registered its water container with the United States Copyright Office. Plaintiff's copyright registration is for a "sculpture/3-D artwork" titled "Hookah Water Container."

4) For the purposes of this lawsuit, Plaintiff disclaimed copyright protection to the skull and crossbones.

5) The water container is a useful article that holds water for and serves as a base to an attached hookah.

6) The shape of the water container in this case cannot be physically or conceptually separable from the container because the container's shape and the container are one and the same.

7) The artistic aspects—if any—of Plaintiff's water container shape, are not separable from its utilitarian elements. Thus, with the skull and crossbones graphic disclaimed, there is no copyright protection for the shape of the water container.

8) Accordingly, the Defendants do not infringe Plaintiff's copyright.

## DEFENDANT'S COUNTERCLAIM

The parties have stipulated to the voluntary dismissal of Starbuzz's Counterclaim without prejudice. Thus, all issues in this action are resolved.

# JUDGMENT

Based upon the reasons stated above, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

A) Final Judgment is entered in Defendants' favor on all of Inhale's claims in the Complaint.

B) Defendants shall recover the costs they incurred in defending against Inhale's claims.

C) The parties may, not later than fourteen days after entry of this judgment, file any motion and memorandum in support of a request for fees, in accordance with law.

D) Starbuzz's Counterclaim is dismissed without prejudice.

E) Inhale shall take nothing in this action.

F) This Court shall retain jurisdiction of this action for purposes of enforcing any award of costs and attorneys fees, by way of contempt or otherwise.

G) The Clerk is directed to enter this Final Judgment.

**IT IS SO ORDERED.**

DATED: July 6, 2012

_____
Honorable Otis D. Wright II
United States District Judge