O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INHALE, INC.,<br><br>                    Plaintiff,<br>     v.<br><br>STARBUZZ TOBACCO, INC.;<br>WAEL SALIM ELHALAWANI,<br><br>                    Defendants. | Case No. 2:11-cv-3838-ODW(FFMx)<br><br>**ORDER GRANTING-IN-PART INHALE'S MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL [76]** |

Plaintiff Inhale, Inc. filed a Motion for Stay of Execution of Judgment Pending Appeal, requesting that this Court stay execution of judgment entered against without requiring that it post a bond. (Mot. 2, 5–6, 8–9.) Defendants Starbuzz Tobacco, Inc. and Wael Salim Elhalawani oppose the Motion, contending that execution should not be stayed, or in the alternative, that Inhale should be required to post a bond in order to stay execution. After considering the parties' arguments, the Court **GRANTS-IN-PART** Inhale's Motion provided that it posts a full bond within 30 days.[1]

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L. R. 7-15.

## I. FACTUAL BACKGROUND

On June 18, 2012, the Court granted Defendants' Motion for Summary Judgment, finding that "there is no copyright protection for the shape of [Inhale's] water container," and therefore Defendants did not infringe upon Inhale's alleged copyright. (ECF No. 54, at 8). Further, the Court awarded Defendants attorney's fees in the amount of $111,993.00 and costs in the amount of $1878.07. (ECF Nos. 72, 75.)

Inhale filed a Notice of Appeal on July 18, 2012. (ECF No. 61.) But to date, Inhale has stonewalled—it has neither paid the attorney's fees and costs nor posted a supersedeas bond. (Chuan Decl. ¶¶ 6, 8.) Instead, Inhale filed this Motion to stay execution of judgment pending appeal. Defendants ask the Court to either deny the Motion entirely and allow them to execute judgment against Inhale, or to require Inhale to post a full bond in order to stay execution.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62(a) provides that a district court's judgment becomes final and enforceable 14 days after it is entered. *Columbia Pictures Indus., Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001). If the losing party wishes to appeal that judgment, "the appellant may obtain a stay by supersedeas bond . . . after filing the notice of appeal or after obtaining the order allowing the appeal." Fed. R. Civ. P. 62(d). While Rule 62(d) is silent on the amount of such a bond, Ninth Circuit case law provides that a district court has discretion to determine the appropriate amount. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

## III. DISCUSSION

Inhale moves to stay execution of judgment, and only discusses a supersedeas bond in passing. (Mot. 5–6.) Inhale argues it cannot obtain a bond unless it posts the full face value of the bond, which would require dismantling part of its business. (*Id.*)

/ / /

1  Under Rule 62(d), Inhale is entitled to a stay of execution of judgment pending
2  its appeal to the Ninth Circuit—but first, Inhale must post a supersedeas bond.  In
3  determining whether to waive the bond, the Court may consider the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. Chicago*, 866 F.2d 902, 904–905 (7th Cir. 1988).

Here, Inhale appears to be on rocky financial grounds—and so while Inhale's ability to pay the award of attorney's fees and costs is in question, requiring them to post a bond might put them in a more precarious financial position.  But the Court finds no evidence that this bond requirement would put Inhale's other creditors in an insecure position or that this bond would be a waste of money.  The Court also acknowledges that collecting from a party having financial hardships (whether now or later) is difficult, complex, and costly.  And in view of Defendants' right to collect judgment and the Court's strong belief that Inhale will lose on appeal, the Court finds that Inhale's lack of funds dictates that it post a supersedeas bond to protect Defendants' ability to collect at a future time.[2]  The fact that Inhale "does not have sufficient liquid assets" to cover the award of attorneys' fees and costs is precisely why it must post a supersedeas bond.

/ / /
/ / /
/ / /
/ / /

---

[2] The Court is unconvinced that Inhale must post the full face value of the bond in order to obtain a bond.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS-IN-PART** Inhale's Motion for Stay of Execution of Judgment Pending Appeal, provided:

1. Inhale shall post a supersedeas bond in the amount of $113,871.07 within 30 days of the date of this Order; and
2. Concurrently with posting the bond, Inhale shall lodge with the Court a proposed order to stay execution of judgment. The stay will take effect when the Court approves the posted bond.

**IT IS SO ORDERED.**

January 30, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

CC: FISCAL

4