1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**O**

**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| INHALE, INC.,<br><br>           Plaintiff,<br><br>    v.<br><br>STARBUZZ TOBACCO, INC.; WAEL SALIM ELHALAWANI,<br>           Defendants. | Case No. 2:11-cv-03838-ODW(FFMx)<br><br>**ORDER AWARDING DEFENDANTS' ATTORNEY'S FEES [87]** |
| STARBUZZ TOBACCO, INC.,<br><br>           Counterclaimant,<br><br>INHALE, INC.; ROES 1–10, inclusive,<br><br>           Counterdefendants. | |

## I.    INTRODUCTION

Pursuant to the Ninth Circuit's mandate (ECF No. 99.), the Court considers Defendants Starbuzz Tobacco, Inc. and Wael Salim Elhalawani (collectively, "Defendants") application for attorney's fees and costs incurred in defending Plaintiff Inhale, Inc.'s appeal.  (ECF No. 87.)  Since the Ninth Circuit has held that Defendants are a prevailing party in this action and entitled to attorney's fees and costs, the Court's only inquiry is the reasonableness of the requested fees and costs.  For the

reasons discussed below, the Court **AWARDS $48,548.44** in attorney's fees and costs to Defendants.[1]  (ECF No. 87.)

## II.    FACTUAL BACKGROUND

Plaintiff Inhale, Inc. designs, manufactures, and sells various types of smoking products, including hookahs.  A hookah is a device used to smoke tobacco, among other things.  A hookah's design directs tobacco smoke down through a pipe and into a water container, which filters and cools the tobacco smoke for inhalation.  On August 29, 2008, Plaintiff published a water container decorated with a skull and crossbones graphic and later registered its water container with the United States Copyright Office.

On May 4, 2011, Plaintiff sued Defendants for copyright infringement, alleging Starbuzz sold water containers for hookahs, beginning on December 29, 2010, that infringe Plaintiff's copyrighted design.  (ECF No. 1.)  This Court granted summary judgment on June 18, 2012 and final judgment in Defendants' favor on July 6, 2012.  (ECF Nos. 54, 59.)  Plaintiff appealed the decision to the Ninth Circuit Court of Appeals (the "Appeal") and sought a stay of judgment.  (ECF Nos. 73, 76.)

On January 9, 2014, the Ninth Circuit denied the Appeal, and ordered Plaintiff to pay Defendants' attorney's fees for the Appeal, pursuant to Defendants' request.  On January 23, 2014, Plaintiff petitioned the Ninth Circuit for a rehearing and rehearing en banc.  On June 3, 2014, the Ninth Circuit denied Plaintiff's petition.  (ECF No. 85.)  The Ninth Circuit awarded additional attorney's fees incurred by Defendants opposing the petition and remanded for the district court to determine the amount.  (*Id*. at 4, 12.)

On June 9, 2014, Plaintiff filed a motion to stay the Ninth Circuit's mandate pending appeal.  The Ninth Circuit stayed the mandate for ninety days, to be continued until final disposition by the Supreme Court if a petition for a *writ of*

---

[1] Having carefully considered the papers filed in support of and in opposition to the matters at issue here, the Court deems the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

1   *certiorari* is filed.   (ECF No. 86.)   On June 16, 2014, Defendants filed this
2   Application for Attorney's Fees seeking $48,237.00 pursuant to the Ninth Circuit's
3   Opinion and Amended Opinion.   (ECF No. 85.)   The Plaintiff's petition for *writ of*
4   *certiorari* was denied on December 8, 2014, and the Ninth Circuit issued an Amended
5   Mandate awarding additional costs against Plaintiff in the amount of $311.44.   (ECF
6   No. 99.)   Defendants renew their request for attorney's fees and costs for a total
7   amount of $48,548.44.   (ECF Nos. 107, 110.)

### III.   LEGAL STANDARD

9   **A.   Attorney's Fees Under the Copyright Act**

10   The Copyright Act of 1976 permits a court to "award a reasonable attorneys'
11   fee to the prevailing party."   17 U.S.C. § 505.   Attorney's fees are proper when either
12   successful prosecution or successful defense of the action furthers the purposes of the
13   Copyright Act.   *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996).   In
14   determining whether a party is entitled to attorney's fees, courts must apply the same
15   standard to prevailing plaintiffs and defendants.   *Fogerty v. Fantasy, Inc*., 510 U.S.
16   517, 534 (1994).   "[A]n award of attorneys' fees to a prevailing defendant that furthers
17   the underlying purposes of the Copyright Act is reposed in the sound discretion of the
18   district courts."   *Fantasy*, 94 F.3d at 555.

19   **B.   Amount of Attorney's Fees**

20   The reasonableness of a party's fee calculation is determined by the "lodestar
21   method."   *Morales v. San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).   Under the
22   lodestar method, the number of hours reasonably expended in litigation are multiplied
23   by a reasonable hourly rate to produce the reasonable fee award.   *Id*.   The Court may
24   then consider whether to enhance or reduce the lodestar figure based on various
25   factors.   *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1995); *Hensley v.*
26   *Eckerhart*, 461 U.S. 424, 430 n. 3 (1983).

27   The party requesting attorney's fees must submit evidence in support of the
28   number of hours and the hourly rates claimed.   *See Welch v. Met. Life Ins. Co*., 480

3

F.3d 942, 948 (9th Cir. 2007).  Billing rates are "established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity."  *Id.* at 946. The party opposing the request for attorney's fees "bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged." *McGrath v. County of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995).  Hours that are "excessive, redundant, or otherwise unnecessary" may be excluded by the Court. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Likewise, hours that are billed in block-format may be reduced.  *See Lahiri v. Universal Music and Video Dist. Corp*., 606 F.3d 1216, 1222–23 (9th Cir. 2010); *Welch*, 480 F.3d at 948. When faced with a "massive fee application," the Court may make "across-the-board percentage cuts" instead of making an hour-by-hour analysis.  *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).  The Court may make a small across-the-board reduction, no greater than 10 percent, based on its exercise of discretion and without a more specific explanation. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); *Lahiri*, 606 F.3d at 1223.  Nonetheless, a clear and concise explanation is required if the reduction is greater than 10 percent.  *Id*.

## IV.   DISCUSSION

The Ninth Circuit has already held that Defendants are the prevailing party and entitled to reasonable attorney's fees and $311.44 in costs.  (ECF Nos. 85, 99.)  Thus, the only issue for this Court to determine is whether the request of $48,237.00 is reasonable.

As an initial matter, Plaintiff argues that the records submitted by Defendants only account for $39,550.44 and therefore the Court must limit the attorney's fees to that amount.  (ECF No. 108 at 3–4.)  Defendants admit they inadvertently omitted invoices for October and November 2013, which they now provide in their supplemental reply.  (ECF No. 110 at 2; Patel Decl., Ex. A.)  The Court allowed the parties to file supplemental briefs (ECF No. 104) and therefore finds that since

1  Defendants submitted the appropriate documents with its timely supplemental reply
2  brief, the invoices from October and November 2013 are timely and the Court will
3  consider them along with the rest of the record.

4        The Court begins by considering the rate charged by Defense counsel.  Defense
5  counsel, Mr. Patel, has fourteen years of experience and is a registered patent attorney
6  licensed to practice before the United States Patent & Trademark Office since 1997.
7  (ECF No. 87-1, Natu Decl. ¶1.)  His hourly rate is $250 an hour and the rate of his
8  associates and law clerks is $90 an hour.  (*Id*. ¶ 2.)   Because Mr. Patel has specialized
9  experience and is a registered patent attorney, and his associates and law clerks have
10  only a few years of experience, the Court finds that the hourly rates are commensurate
11  with the experience of the respective attorneys.

12        Next, the Court considers the amount of time spent on the briefs.  Plaintiff
13  argues that the appeal was only regarding one issue that Defendants already
14  considered in its motion for summary judgment and therefore the research was
15  duplicative.  (ECF No. 108 at 7.)  Defendants only response is that the time spent was
16  reasonable considering extensive research was required to draft a 57 page Appellee
17  Brief, which included three volumes of supplemental records.  (ECF No. 110 at 7.)

18        While the burden is on Defendants to justify their fees, the Court acknowledges
19  that preparing an appellate brief is no trivial task.  The Ninth Circuit also realizes that
20  when cases go on for many years, such as in this case, some duplication is necessary
21  for an attorney to re-familiarize himself with a case and the current state of the law.
22  *Moreno*, 534 F.3d at 1112 ("When a case goes on for many years, a lot of legal work
23  product will grow stale; a competent lawyer won't rely entirely on last year's, or even
24  last month's, research: Cases are decided; statutes are enacted; regulations are
25  promulgated and amended.").

26        With this consideration in mind, the Court reviewed the invoices provided by
27  Defendants.  (ECF Nos. 87-1, 110-1.) The Court finds that the hours and worked
28  performed were reasonable given the time that had elapsed between filing the Motion

1   for Summary Judgment and Apellee Brief, and that only one experienced attorney was

2   working on the matter.

3          Plaintiff also argues that Defendants seek reimbursement for motions and

4   petitions that were not relevant or necessary for its defense of the appeal.  (*Id*. at 4.)

5   Specifically, Plaintiff disputes the expenses incurred in (1) filing an application for

6   appearance and examination regarding enforcement of judgment ($6,493.00); (2)

7   coordinating Plaintiff's posting of a bond with the Court ($2,425.00); and (3)

8   responding to Plaintiff's Motion to Stay pending appeal ($3,225.00).  (*Id*.)

9          Defendants argue that Plaintiff's actions after filing its Notice of Appeal caused

10  them to incur substantial attorney's fees to protect their rights, and therefore were

11  necessary.  Specifically, Defendants contend that Plaintiff failed to request a stay of

12  the order granting attorney's fees and post a supersedeas bond when Plaintiff filed its

13  Notice of Ninth Circuit Appeal.  (ECF No. 110 at 3.)  *See* Fed. R. Civ. P. 62(d) ("If an

14  appeal is taken, the appellant may obtain a stay by supersedeas bond . . . .").

15  Defendants informed Plaintiff of the supersedeas bond requirement.  (ECF No. 77-1 ¶

16  4; Ex. 1.)  After over a month of back and forth about whether Plaintiff will pay the

17  outstanding attorney's fees or post a supersedeas bond, Plaintiff filed a "surprise"

18  Motion for Stay of Execution of Judgment Pending Appeal (ECF No. 76).  (*See* ECF

19  No. 77-1 ¶¶ 4–9; Exs. 1–5.)   Defendants further argue that since Plaintiff's Motion to

20  Stay did not include the requirement of posting a supersedeas bond, Defendants were

21  forced to oppose the Motion and seek an order requiring Plaintiff to post the bond.

22  (ECF No. 110 at 5.)  The Court granted Defendants' Motion, but despite the Court's

23  Order, Plaintiff failed to post a bond, causing Defendants to initiate judgment debtor

24  examination proceedings and successfully obtain an Order requiring Plaintiff to

25  Appear for Examination for Enforcement of Judgment.  (ECF Nos. 80-81.)  Plaintiff

26  finally agreed to deposit a cashier's check for the full amount of attorney's fees.

27         The Court finds that the fees associated with Defendants' enforcement of

28  judgment and Plaintiff's Motion to Stay are reasonable.  Plaintiff should have known

1    that Defendants would enforce the judgment unless Plaintiff filed a Motion to Stay.

2    *See* Fed. R. Civ. P. 62(a) (A district court's judgment becomes enforceable fourteen

3    days after judgment is entered.); *Columbia Pictures Indus., Inc. v. Krypton*

4    *Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001).   At

5    minimum, Plaintiff should have told Defendants of its intent to file a Motion to Stay

6    when Defendants inquired about the bond.  Further, that Plaintiff never posted a bond

7    created inefficiency and expense to the appeal process.  Defendants should not be

8    penalized for Plaintiff's actions.  Therefore, the Court finds that the fees associated

9    with Defendants' enforcement of judgment and Plaintiff's Motion to Stay appropriate

10   for reimbursement.

## V.   CONCLUSION

12        For the reasons discussed above, the Court **AWARDS** Defendants **$48,237.00**

13   in attorney's fees and **$311.44** costs, for a total of **$48,548.44**.  The Clerk of the Court

14   shall close this case.

16   **IT IS SO ORDERED.**

18   March 31, 2015

20   _____

21                    **OTIS D. WRIGHT, II**
                  **UNITED STATES DISTRICT JUDGE**