1  Louis F. Teran (SBN 249494)
2  lteran@slclg.com
   SLC LAW GROUP
3  1055 E. Colorado Blvd., Suite #500
   Pasadena, CA 91106
4  Telephone: (818) 484-3217 x200
5  Facsimile: (866) 665-8877

6  Attorneys for INHALE, INC.

7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

11 
   INHALE, INC., a California          Case No. 2:11-cv-03838-ODW-FFMx
12 corporation,
                                       **Honorable Otis D. Wright II**
13
14              Plaintiff,
15       vs.
                                       **PLAINTIFF'S NOTICE OF MOTION
16                                     AND MOTION TO SET ASIDE
                                       JUDGMENT PURSUANT
17 STARBUZZ TOBACCO, INC., a           FED.R.CIV.P. §60(b)(6)**
   California corporation; and
18
   WAEL SALIM ELHALWANI, an
19 individual residing in California
20
21              Defendants.
22
23
                                       **HEARING:**
24
                                       Date:      May 8, 2017
25                                     Time:      1:30 p.m.
                                       Courtroom: 5D – First Street Courthouse
26
27
28
                                       1

Case 2:11-cv-03838-ODW-FFM   Document 112   Filed 04/10/17   Page 2 of 18   Page ID #:2131

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE** that on May 8, 2017 at 1:30 p.m. in the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, courtroom 5D, Plaintiff will, and hereby do, move this Court to set aside the judgment pursuant Fed.R.Civ.P. 60(b)(6) as addressed below.

 This motion is being made on the grounds that the reasoning and holding by this Court in the judgment has been expressly rejected by the Supreme Court recently in the case of *Star Athletica, LLC v. Varsity Brands, Inc.*, 580 U.S. __ (2017), No. 15-866, 2017 WL 1066261 (U.S. Mar. 22, 2017).  Thus, justice can only be achieved by setting aside the judgment and applying the Supreme Court's test.

 This Motion will be based on this Notice of Motion, Plaintiff's Memorandum of Points and Authorities, the Declaration of Louis F. Teran ("Teran Decl."), other pleadings on file with this Court in this matter, and such other argument and evidence which may be presented at the hearing on this matter.

 This Motion is made following Defendant's express refusal to meet and confer pursuant Local Rules.

DATED: April 10, 2017

By: _____
Louis F. Teran
Attorney for Inhale, Inc.

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 5

II. RELIEF IS APPROPRIATE PURSUANT FED.R.CIV.P. 60(b)(6) .................... 6

III. OLD TEST FOR SEPARABILITY UNDER THE COPYRIGHT ACT ............ 8

IV. NEW TEST FOR SEPARABILITY UNDER THE COPYRIGHT ACT ........... 9

V. THE CLAIMED FEATURES OF INHALE'S HOOKAH WATER CONTAINER ..................................................................................................... 10

VI. SUPREME COURT'S NEW TEST REQUIRES THE JUDGMENT TO BE SET ASIDE ........................................................................................................ 12

  A. INHALE's Design Intent Is Irrelevant ........................................................ 12

  B. Whether The Claimed Features And The Water Container Are "One And The Same" Is No Longer The Proper Test ................................................. 13

VII. INHALE'S HOOKAH WATER CONTAINER IS PROTECTABLE UNDER THE COPYRIGHT ACT WHEN THE SUPREME COURT'S TEST IS APPLIED ................................................................................................ 14

  A. INHALE'S Claimed Features Are Copyrightable Even Under Justice Breyer's Dissenting Opinion ....................................................................... 16

VIII. CONCLUSION .................................................................................................. 18

# **TABLE OF AUTHORITIES**

## **CASES**

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*
   755 F.3d 1038 (9th Cir. 2014)............................................................................7, 11, 13, 15

*Masquerade Novelty, Inc. v. Unique Indus.*
   912 F.2d 663 (3d Cir. 1990).....................................................................................................7

*Mazer v. Stein*
   347 U.S. 201 (1954)...........................................................................................8, 9, 12, 14

*Miller v. Gammie*
   335 F.3d 889 (9th Cir. 2003)....................................................................................................7

*Orner v. Shalala*
   30 F.3d 1307 (10th Cir. 1994)..................................................................................................7

*Pierce v. Cook & Co.*
   518 F.2d 720 (10th Cir. 1975)..................................................................................................7

*Star Athletica, LLC v. Varsity Brands, Inc.*
   580 U.S. ___ (2017), No. 15-866, 2017 WL 1066261 (U.S. Mar. 22, 2017).........6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18

*United States v. Buck*
   281 F.3d 1336 (10th Cir. 2002).................................................................................................6

*Varsity Brands, Inc. v. Star Athletica, LLC*
   799 F.3d 468 (6th Cir. 2015)....................................................................................................8

## **STATUTES**

17 U.S.C. §101 ..............................................................................................................6, 7, 8, 15
Fed.R.Civ.P. 60(b) ...............................................................................................................................6

## **OTHER AUTHORITIES**

*Compendium II of Copyright Office Practices*, Ch. 500, §505.03 (1984) .........................8, 9, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Inhale, Inc. ("INHALE") hereby submits this Motion to Set Aside The Judgment ("Motion") regarding its copyright infringement claim against Defendants Starbuzz Tobacco, Inc. and Wael Salim Elhalwani (collectively "STARBUZZ").

## I. INTRODUCTION

INHALE designs, manufactures, and sell various types of smoking products, including hookahs. A hookah is a device used to smoke tobacco. A hookah directs tobacco smoke down through a pipe and into some water, which filters and cools the tobacco smoke for inhalation. A hookah typically comprises three distinct sections: a bowl, a body, and a water container.

INHALE registered a hookah water container with the United States Copyright Office. INHALE's Copyright Registration No. VA1767997 is for "sculpture/3-D artwork" titled "Hookah Water Container". See *Teran Decl.*, Ex. B.

On May 4, 2011, INHALE sued STARBUZZ alleging infringement of its copyright registration. INHALE alleged infringement based solely on features incorporated into the design of its hookah water container. INHALE disclaimed copyright protection to any images or graphics on its container. The parties agreed that INHALE's hookah water container is a "useful article". The hookah water containers at issue are shown below.



INHALE'S DESIGN          STARBUZZ'S DESIGN

On June 18, 2012, INHALE's claim was summarily dismissed by this Court based on 17 U.S.C. §101. This Court found that INHALE's water container is not copyrightable as a matter of law because "the shape of the hookah water container cannot be physically or conceptually separable from the container because the container's shape and the container are one and the same". See *Summary Judgment Order,* ECF No. 54, p.8. Then on July 9, 2014, the Ninth Circuit affirmed and then the Supreme Court denied certiorari.

However, on March 22, 2017, in the case of *Star Athletica, LLC v. Varsity Brands, Inc.,* 580 U.S. __ (2017), No. 15-866, 2017 WL 1066261 (U.S. Mar. 22, 2017), the Supreme Court changed the interpretation of 17 U.S.C. §101 and established a new test for separability.

Thus, with this Motion, INHALE respectfully request this Court to re-open this case, set aside the judgment, and hold that the claimed features of INHALE's hookah water container are copyrightable under the Supreme Court's test in *Star Athletica.*

## II. RELIEF IS APPROPRIATE PURSUANT FED.R.CIV.P. 60(b)(6)

Fed.R.Civ.P. 60(b) provides that the Court may relieve a party from a final judgment and sets for the following six categories of reasons for which such relief may be granted: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) circumstances under which a judgment is void; (5) circumstances under which a judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. See *Fed.R.Civ.P. 60(b)(1)-(6).* To be entitled to relief, the moving party must establish facts within one of the reasons enumerated in Rule 60(b).

This Motion is based on Fed.R.Civ.P. 60(b)(6) which is a catchall provision that applies only if another section of Rule 60 does not provide relief. With respect to the time in which such a motion may be brought, Rule 60(b) provides it "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment". See *United States v. Buck,* 281 F.3d 1336, 1344 (10th Cir. 2002) (citing

6

*Orner v. Shalala,* 30 F.3d 1307, 1310 (10th Cir. 1994). Thus, Rule 60(b)(6) gives courts the ability to grant post-judgment relief from a judgment or order, without time limitation, in the event that the movant establishes circumstances justifying relief. Motions brought under Rule 60(b) require the Court to balance the interest in finality of judgments, and the desire to achieve justice. A change in relevant case law by the United States Supreme Court warrants relief under Fed.R.Civ.P. 60(b)(6). See *Pierce v. Cook & Co.,* 518 F.2d 720, 722-24 (10th Cir. 1975).

In the present case, this Motion is based on a retrospective and intervening change of applicable law. On March 22, 2017, the United States Supreme Court delivered an opinion in *Star Athletica* that changed the test for separability under the Copyright Act of 1976. The judgment which this Motion requests to be set aside was based entirely on the old test for separability. In fact, the separability test used by this Court has been expressly rejected by the Supreme Court. Thus, the Supreme Court's decision in *Star Athletica* undercuts the theory or reasoning underlying this Court's judgment in this case in such a way that the cases are irreconcilable. See *Miller v. Gammie,* 335 F.3d 889, 900 (9th Cir. 2003) (When a decision from the Supreme Court has "undercut the theory or reasoning underlying a prior circuit precedent in such a way that the cases are clearly irreconcilable…district courts should consider themselves bound by the intervening higher authority and reject [a] prior opinion as having been effectively overruled.").

In fact, it is well recognized that "[c]ourts have twisted themselves into knots trying to create a test to effectively ascertain whether the artistic aspects of a useful article can be identified separately from and exist independently of the article's utilitarian function." See *Masquerade Novelty, Inc. v. Unique Indus.,* 912 F.2d 663, 670 (3d Cir. 1990). Even more, the Ninth Circuit in the present case found that 17 U.S.C. §101 is "sufficiently ambiguous to justify deference to" the Copyright Office's interpretation and ignore the interpretations of other circuits. See *Inhale, Inc. v. Starbuzz Tobacco, Inc.,* 755 F.3d 1038, 1041 fn.2 (9th Cir. 2014). Even this Court relied heavily on the Copyright Office's interpretation. However, the Copyright Office's interpretation has now been expressly rejected by the Supreme Court in *Star Athletica.*

7

The Supreme Court first addressed the copyrightability of useful articles in *Mazer v. Stein*, 347 U.S. 201 (1954). Since then, courts "have struggled mightily to formulate a test" for the separability analysis. See *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 484 (6th Cir. 2015). Now the Supreme Court has addressed this issue by expressly rejecting the Copyright Office's Compendium II test on which this Court relied heavily for this case. Thus, justice can only be achieved by re-opening this case to apply the Supreme Court's interpretation of 17 U.S.C. §101. Anything less would be unjust.

Thus, with this Motion, INHALE respectfully request this Court to re-open this case, set aside the judgment, and hold that the claimed features of INHALE's hookah water container are copyrightable under the test established by the Supreme Court in *Star Athletica*.

### III. OLD TEST FOR SEPARABILITY UNDER THE COPYRIGHT ACT

The Copyright Act of 1976 at 17 U.S.C. §101 provides in relevant part that "the design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article."

The Copyright Office enunciated its interpretation of separability in its *Compendium II of Copyright Office Practices,* Ch. 500, §505.03 (1984), which explains that conceptual separability means that the subject features are:

> "clearly recognizable as a pictorial, graphic, or sculptural work which can be visualized on paper, for example, or as a free-standing sculpture, as another example, independent of the shape of the useful article, i.e., the artistic features can be imagined separately and independently from the useful article without destroying the basic shape of the useful article. The artistic features and the useful article could both exist side by side and be perceived as fully realized, separate works – one an artistic work and the other a useful article." See *Teran Decl.,* Ex. C.

Such interpretation was applied in this case by this Court. However, the Supreme Court has now expressly rejected this interpretation of 17 U.S.C. §101.

8

## IV. NEW TEST FOR SEPARABILITY UNDER THE COPYRIGHT ACT

The new test established by the Supreme Court in *Star Athletica* states as follows:

> "a feature incorporated into the design of a useful article is eligible for copyright protection only if the feature (1) can be perceived as a two- or three-dimensional work of art separate from the useful article and (2) would qualify as a protectable pictorial, graphic, or sculptural work – either on its own or fixed in some other tangible medium of expression – if it were imagined separately from the useful article into which it is incorporated." See *Star Athletica,* 2017 WL 1066261, at *4.

The Supreme Court expressly rejected the test outlined by the Compendium II of the Copyright Office which requires that "the artistic features can be imagined separately and independently from the useful article *without destroying the basic shape of the useful article.*" Instead, the Supreme Court explained as follows:

> "The focus of the separability inquiry is on the extracted feature and not on any aspects of the useful article that remain after the imaginary extraction. The statute does not require the decisionmaker to imagine a fully functioning useful article without the artistic features. Instead, it requires that the separate feature qualify as a nonuseful pictorial, graphic, or sculptural work on its own. Of course, because the removed feature may not be a useful article, there necessarily would be some aspects of the original useful article 'left behind' if the feature were conceptually removed. But the statute does not require the imagined remainder to be a fully functioning useful article at all, much less an equally useful one." See *Star Athletica,* 2017 WL 1066261, at *11.

In addition, the Supreme Court also rejected the argument that "the statute protects only 'solely artistic' features that have no effect whatsoever on a useful article's utilitarian function." The Supreme Court held that:

> "[t]his view is inconsistent with the statutory text. The statute expressly protects two- and three-dimensional 'applied art'. 'Applied art' is art 'employed in the decoration, design, or execution of useful objects' or 'those arts or crafts that have a primarily utilitarian function, or the designs and decorations used in these arts'. An artistic feature that would be eligible for copyright protection on its own cannot lose that protection simply because it was first created as a feature of the design of a useful article, even if it makes that article more useful… Were we to accept [the] argument that the only protectable features are those that play absolutely no role in an article's function, we would effectively abrogate the rule of *[Mazer v. Stein,* 347 U.S. 201 (1954)*]* and read 'applied art' out of the statute." See *Id.*

9

Thus, the Supreme Court eliminated the physical and conceptual separability distinction:

> "Because we reject the view that a useful article must remain after the artistic feature has been imaginatively separated from the article, we necessarily abandon the distinction between 'physical' and 'conceptual' separability, which some courts and commentators have adopted based on the Copyright Act's legislative history." See *Id.* at *12.

Finally, the Supreme Court rejected the notion that Congress' intent is to channel intellectual property claims for industrial design into design patents. The Supreme Court explained that "[it has] long held that design patent and copyright are not mutually exclusive. Congress has provided for limited copyright protection for certain features of industrial design and approaching the statute with presumptive hostility toward protection for industrial design would undermine Congress' choice." See *Id.* at *13.

## V. THE CLAIMED FEATURES OF INHALE'S HOOKAH WATER CONTAINER

As described in INHALE's opposition to STARBUZZ's motion for summary judgment (ECF No. 48, p.6-7), the claimed features incorporated into the design of INHALE's hookah water container in this case include "a blend of curved surfaces with smooth edges on the top half and flat surfaces with sharp edges on the bottom half". See *ECF No. 48*, p.6.



As shown above and as explained in INHALE's opposition to STARBUZZ's motion for summary judgment (ECF No. 48), the claimed features of INHALE's hookah water container specifically begin with a narrowing neck underneath the lip. The neck is gradually narrowed until it blends inward with a smooth surface that then extends outward as if to mimic an hourglass. The smooth surface then has a subtle transition into a floating ring. The floating ring is not symmetrical; it has a smooth surface on the top and terminates with a sharp edge on the bottom. Directly underneath the floating ring, a skirt-like surface extends down and radially out. The skirt-like surface is concave and smoothly widens into the much larger bottom half of the hookah water container. The bottom of the skirt-like surface is followed by a flat vertical surface and then a flat angled surface that reduces the diameter of the hookah water container. Both the flat vertical surface and the flat angled surface create sharp edges that are pronounced due to the smooth rounded edges on the top half of the hookah water container.

In all, INHALE's hookah water container is uniquely designed with a combination of smooth and flat surfaces complemented by sharp and rounded edges to create a distinctive design. In fact, the Ninth Circuit acknowledged that "INHALE's water container, like a piece of modern sculpture, has a distinctive shape." See *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1042 (9th Cir. 2014).

It is important to note that INHALE does not claim copyright protection for the bottom plate of the hookah water container. INHALE also does not claim copyright protection for the top lip having a hole. Most important, INHALE does not claim copyright protection for the internal cavity that contains or retains the water nor the shape thereof. In fact, the shape of the internal cavity is conceptually independent of the shape and configuration of the claimed features. For example, whereas the hookah water container can have the claimed features on the outside, the internal cavity can be shaped as something completely different such as a sphere or other shape independent of the claimed features.

## VI. SUPREME COURT'S NEW TEST REQUIRES THE JUDGMENT TO BE SET ASIDE

### A. INHALE's Design Intent Is Irrelevant

In summarily dismissing INHALE's claim, this Court found as follows:

> "[T]he fact that [INHALE] intended its water container to serve as a liquid-holding receptacle for a hookah – and not as a museum piece – is what matters." See *MSJ Order,* ECF No. 54, p.8.

This holding has now been rejected by the Supreme Court as follows:

> "The Copyright Act provides 'the owner of a copyright' with the 'exclusive right…to reproduce the copyrighted work in copies.' *§106(1).* The statute clarifies that this right 'includes the right to reproduce the copyrighted work in or on any kind of article, whether useful or otherwise.' *§113(a).* Section 101 is, in essence, the mirror image of §113(a). Whereas §113(a) protects a work of authorship first fixed in some tangible medium other than a useful article and subsequently applied to a useful article, §101 protects art first fixed in the medium of a useful article. The two provisions make clear that copyright protection extends to pictorial, graphic, and sculptural works regardless of whether they were created as free-standing art or as features of useful articles. *The ultimate separability question, then, is whether the feature for which copyright protection is claimed would have been eligible for copyright protection as a pictorial, graphic, or sculptural work had it originally been fixed in some tangible medium other than a useful article before being applied to a useful article.*" See *Star Athletica,* 2017 WL 1066261, at *8.

The Supreme Court further explained that the above is consistent with its holding in *Mazer v. Stein*:

> "In *Mazer*,…the respondents copyrighted a statuette depicting a dancer. The statuette was intended for use as a lamp base… [The petitioner] defended against the respondents' infringement suit by arguing that the respondents did not have a copyright in a statuette intended for use as a lamp base… First, the Court held that the respondents owned a copyright in the statuette even though it was intended for use as a lamp base… Second, the Court held that it was irrelevant to the copyright inquiry whether the statuette was initially created as a freestanding sculpture or as a lamp base… *Mazer* thus interpreted the 1909 Act consistently with the rule discussed above: *If a design would have been copyrightable as a standalone pictorial, graphic, or sculptural work, it is copyrightable if created first as part of a useful article.*" See *Id.* at *8-9.

Thus, based on *Star Athletica,* "the fact that [INHALE] intended its water container to serve as a liquid holding receptacle for a hookah" is entirely irrelevant. The ultimate question is whether INHALE's claimed features "would have been copyrightable as a standalone pictorial, graphic, or sculptural work" had it been created in some medium other than a hookah water container, such as "a museum piece". Given the distinctiveness of INHALE's claimed features, the answer to this question is in the affirmative. After all, even the Ninth Circuit acknowledged that "INHALE's water container, like a piece of modern sculpture, has a distinctive shape". See *Inhale, Inc. v. Starbuzz Tobacco, Inc.,* 755 F.3d 1038, 1042 (9th Cir. 2014).

### B. Whether The Claimed Features And The Water Container Are "One And The Same" Is No Longer The Proper Test

In summarily dismissing INHALE's claim, this Court found as follows:

> "The shape of the water container in this case cannot be physically or conceptually separable from the container because the container's shape and the container are one and the same." See *MSJ Order,* ECF No. 54, p.9.

However, the Supreme Court has now expressly abandoned the "physical" and "conceptual" separability distinctions:

> "Because we reject the view that a useful article must remain after the artistic feature has been imaginatively separated from the article, we necessarily abandon the distinction between 'physical' and 'conceptual' separability, which some courts and commentators have adopted based on the Copyright Act's legislative history." See *Star Athletica,* 2017 WL 1066261, at *12.

Even more, in summarily dismissing INHALE's claim, this Court relied heavily on the Copyright Office's Compendium II test and a Copyright Office administrative opinion that denied copyright protection to nine fanciful shaped glass bottles. See *MSJ Order,* ECF No. 54, p.6-7. In said administrative opinion, the Copyright Office applied the Copyright Office's Compendium II test and held as follows:

> "The bottle designs…all do not reflect conceptually separable features because the shapes of the bottles are just that – the overall configuration of the useful article… Under the conceptual separability test, there are no segments or portions of the glass bottles in question which can be separated out from the

13

overall shape or configuration of the individual bottle and simultaneously stand beside the useful article as independent works of art without conceptually destroying the basic shape of the useful article." See *Teran Decl.,* Ex. D, p.8.

However, the Supreme Court has now expressly rejected the notion that "segments or portions of the glass bottles" must "simultaneously stand beside the useful article as independent works of art without conceptually destroying the basic shape of the useful article." In fact, the Supreme Court unambiguously held as follows:

> "The focus of the separability inquiry is on the extracted feature and not on any aspects of the useful article that remain after the imaginary extraction… [T]he statute does not require the imagined remainder to be a fully functioning useful article at all, much less an equally useful one… Were we to accept petitioner's argument that the only protectable features are those that play absolutely no role in an article's function, we would effectively abrogate the rule of *Mazer* and read 'applied art' out of the statute." See *Star Athletica,* 2017 WL 1066261, at *11.

In essence, the notion that INHALE's artistic features and the hookah water container are "one and the same" is no longer relevant in determining copyrightability. As such, this Court's denial of copyright protection because INHALE's artistic features cannot be separated from the hookah water container without conceptually destroying the water container no longer holds water.

Accordingly, INHALE respectfully request this Court to re-open this case, set aside the judgment, and hold that the claimed features of INHALE's hookah water container are copyrightable under the test established by the Supreme Court in *Star Athletica.*

VII. **INHALE'S HOOKAH WATER CONTAINER IS PROTECTABLE UNDER THE COPYRIGHT ACT WHEN THE SUPREME COURT'S TEST IS APPLIED**

In *Star Athletica,* the Supreme Court held as follows:

> "a feature incorporated into the design of a useful article is eligible for copyright protection only if the feature (1) can be perceived as a two- or three-dimensional work of art separate from the useful article and (2) would qualify as a protectable pictorial, graphic, or sculptural work – either on its own or fixed in some other tangible medium of expression – if it were imagined separately from the useful article into which it is incorporated." See *Star Athletica,* 2017 WL 1066261, at *4.

In the present case, the claimed features of INHALE's hookah water container are depicted below:



2-D Drawing        3-D Sculpture

These artistic features from the hookah water container can be perceived as a two-dimensional work, such as the drawing shown above, or as a three-dimensional work, such as the sculpture shown above. As explained above, the bottom floor, the top lip with a hole, and the internal cavity which retains the water are not part of the features claimed by INHALE. Under the Copyright Act, undeniably, either of the above drawing or sculpture, would qualify as protectable graphic or sculptural work. After all, the Ninth Circuit has already acknowledged that these features are distinctive "like a piece of modern sculpture". See *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1042 (9th Cir. 2014).

Thus, the first requirement of 17 U.S.C. §101, the separate identification requirement, is met since the "decisionmaker need only be able to look at the useful article and spot some two- or three- dimensional element that appears to have pictorial, graphic, or sculptural qualities". See *Star Athletica*, 2017 WL 1066261, at *7. As shown above, the claimed features of INHALE's hookah water container, at the least, appear to have "graphic or sculptural qualities". Additionally, the second requirement of 17 U.S.C. §101, the independent-existence requirement, is met because the claimed features of INHALE's hookah water container have "the capacity to exist apart from the utilitarian aspects" of

the water container. See *Id*. In essence, imaginatively removing the claimed features of INHALE's water container and applying them in another medium, such as a drawing on a piece of paper or a sculpture molded out of clay, would not replicate a hookah water container by any stretch of the imagination.

In other words, as the Supreme Court explains, "[t]he ultimate separability question, then, is whether the feature for which copyright protection is claimed would have been eligible for copyright protection as a pictorial, graphic, or sculptural work had it originally been fixed in some tangible medium other than a useful article before being applied to a useful article." See *Star Athletica*, 2017 WL 1066261, at *8. In this case, it is undeniable that the features claimed would have copyright protection had they been first sketched on a piece of paper or molded out of clay. Thus, said claimed features cannot lose copyright protection by the mere fact that they were first applied to a hookah water container, a useful article.

Furthermore, copyright protection for the claimed features of INHALE's hookah water container would not grant INHALE a right to prohibit others from manufacturing hookah water containers. As explained in INHALE's opposition to STARBUZZ's motion for summary judgment, hookah water container are widely manufactured in various shapes and sizes. Thus, INHALE's copyright protection would be narrowly limited to the curves and edges incorporated into the design of the one hookah water container at issue in this case.

### A. INHALE'S Claimed Features Are Copyrightable Even Under Justice Breyer's Dissenting Opinion

In *Star Athletica,* Justice Breyer issued a dissenting opinion in which he agreed with much of the Court's opinion, however, provided an alternative way of applying the Court's new separability test. Justice Breyer opined as follows:

> "A separable design feature must be 'capable of existing independently' of the useful article as a separate artistic work that is not itself the useful article. If the claimed feature could be extracted without replicating the useful article of which it is a part, and the result would be a copyrightable artistic work standing alone, then there is separable design. But if extracting the claimed features would necessarily bring along the underlying useful article, the design is not separable

from the useful article. In many or most cases, to decide whether a design or artistic feature of a useful article is conceptually separate from the article itself, it is enough to imagine the feature on its own and ask, *'Have I created a picture of a (useful part of a) useful article?'* If so, the design is not separable from the useful article. If not, it is." See *Star Athletica*, 2017 WL 1066261, at *18.

In the present case, Justice Breyer's analysis requires one to imagine a drawing of the claimed features of INHALE's hookah water container as shown below.

In reviewing said drawing, it is evident that it is not "a picture of a useful part of a" hookah water container. In fact, the "useful part of a" hookah water container is the interior cavity in which liquid is contained. The shape of the interior cavity is conceptually independent of the claimed features incorporated into the design of the outer shell of the hookah water container. Since the interior cavity is not claimed, a drawing of the claimed features on its own does not depict a picture of the "useful part of a" hookah water container. Even further, the drawing of the claimed features does not depict a picture of a hookah water container. This is especially the case since hookah water containers are manufactured in a wide variety of shapes and sizes, as shown below and explained in INHALE's opposition to STARBUZZ's motion for summary judgment.



As such, even under Justice Breyer's analysis in his dissenting opinion, INHALE's claimed features incorporated into the design of its hookah water container are copyrightable.

## VIII. CONCLUSION

Based on the foregoing, INHALE respectfully request this Court to re-open this case, set aside the judgment, and hold that the claimed features of INHALE's hookah water container are copyrightable under the test established by the Supreme Court in *Star Athletica*.

DATED: April 10, 2017

By:_____
Louis F. Teran
Attorney for Inhale, Inc.