Natu J. Patel, SBN 188618
Daniel H. Ngai. SBN 302297
**THE PATEL LAW FIRM, P.C.**
22952 Mill Creek Drive
Laguna Hills, California 92653
Office:    949.955.1077
Facsimile:    949.955.1877
NPatel@thepatellawfirm.com
DNgai@thepatellawfirm.com

Attorneys for Defendants and Counterclaimant,
Starbuzz Tobacco, Inc. and Wael Salim Elhalwani

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INHALE, INC., a California Corporation, | Case No.:2:11-cv-03838-ODW-FFM |
| | **Honorable Otis D. Wright II** |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO** |
| | **PLAINTIFF'S MOTION TO SET** |
| vs. | **ASIDE JUDGMENT PURSUANT** |
| | **TO FRCP 60(b)(6);** |
| STARBUZZ TOBACCO, INC., a | <u>**REQUEST FOR MONETARY**</u> |
| California Corporation; WAEL SALIM | <u>**SANCTIONS AGAINST**</u> |
| ELHALAWANI, an individual residing | **PLAINTIFF'S ATTORNEY LOUIS** |
| in California | **TERAN PURSUANT 28 U.S.C. §** |
| | **1927** |
| Defendants. | |
| | **Date:         May 8, 2017** |
| And Related Counterclaims. | **Time:         1:30 p.m.** |
| | **Courtroom: 5D** |

Defendants, Starbuzz Tobacco, Inc. and Wael Salim Elhalwani, hereby submit this Opposition to Plaintiff's Motion to Set Aside Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Request for Monetary Sanctions Against Plaintiff's Counsel, Mr. Louis Teran Pursuant to 28 U.S.C. § 1927.

# **TABLE OF CONTENTS**

I.    INTRODUCTION AND BRIEF PROCEDURAL HISTORY ..................1

II.   SUBSEQUENT CHANGE IN LAW IS GENERALLY NOT CONSIDERED EXTRAORDINARY CIRCUMSTANCES TO SET ASIDE JUDGMENT UNDER RULE 60(b)(6). ........................................2

   A.   Relief Under 60(b)(6) Requires a Showing of Extraordinary Circumstances..........................................................................2

   B.   Intervening Developments in Law Rarely Constitute Extraordinary Circumstances for Rule 60(b)(6) Relief. ..................................3

III.  PLAINTIFF'S MOTION IS NOT SUPPORTED BY FACT OR LAW. ...4

IV.  EVEN IF APPLIED TO THE FACTS OF THIS CASE, *STAR ATHLETICA* WOULD NOT AFFECT THE OUTCOME OF THIS LITIGATION............................................................................7

   A.   Under Star Athletica, The Shape of Inhale's Water Container Is Not Copyrightable. ...................................................................7

   B.   The Shape of Plaintiff's Water Container Does Not Qualify for Copyright Protection Under the Test Articulated in *Star Athletica*. .......8

   C.   Plaintiff's Claimed Individual Features Cannot be Perceived Separate from its Water Container, Since They Do Not Have Pictorial, Graphic or Sculptural Qualities. .............................................................9

   D.   Plaintiff's Claimed Individual Features Do Not Qualify As Protectable Pictorial Graphic or Sculptural Work....................................11

   E.   Plaintiff's Water Container is Not Entitled to Copyright Protection Since it is Unoriginal ...............................................................11

V.   PLAINTIFF FAILED TO PROPERLY MEET AND CONFER..............13

VI.  DEFENDANTS REQUEST MONETARY SANCTIONS AGAINST PLAINTIFF'S COUNSEL PURSUANT TO 28 U.S.C. § 1927 FOR FILING THIS FRIVOLOUS MOTION..................................................14

i

1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28

CONCLUSION ................................................................................................16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ackermann v. U.S.*, 340 U.S. 193 (1950)................................................................3

*Agostini v. Felton*, 521 U.S. 203 (1997) ...............................................................3

*Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432–37 (1993)........................6

*Babcock v. Tyler*, 884 F.2d 497, 503-03 (9th Cir. 1989)........................................6

*Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*,
    249 F.3d 519, 524 (6th Cir. 2001) ....................................................................4

*Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) .............2

*Esquire, Inc. v. Ringer*, 591 F.2d 796, 800 (D.C. Cir. 1978)..................................9

*Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996)..................................15

*Gonzalez v. Crosby*, 545 U.S. 524 (2005) ..............................................................3

*James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529 (1991) .............................3

*Kalina v. Fletcher*, 522 U.S. 118, 127–29 (1997) ..................................................6

*Klapprott v. U.S.*, 335 U.S. 601 (1949) ..................................................................3

*Lal v. California*, 610 F.3d 518 (9th Cir. 2010) .....................................................2

*Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971)...2

*Miller v. Gammie*, 292 F.3d 982, 989 (9th Cir. 2002)............................................6

*Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) ...................................................5

*Phelps v. Alameida*, 569 F. 3d 1120, 1135 (9th Cir. 2009) ....................................3

*Pierce v. Cook & Co.*, 518 F.2d 720, 722-24 (10th Cir. 1975) ...............................5

*Star Athletica, LLC v. Varsity Brands, Inc.*, 580 U.S. ___ (2017) .................. *passim*

iii

Defendants' Opposition to Plaintiff's Motion to Set Aside Judgment; Request for Monetary
Sanctions Against Plaintiff's Attorney Louis Teran Pursuant to 28 U.S.C. § 1927

*U.S. v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047 (9th Cir. 1993) ....................2

**Statutes**

17 U.S.C. § 102 ...........................................................................................11

28  U.S.C. § 1927 ......................................................................................2, 14

**Rules**

Federal Rule of Civil Procedure 60(b)(6) ...............................................2, 4

**Treatises**

*J. Moore, et al.,* Moore's Federal Practice § 60.48[5][b], p. 60-181 (3d ed. 1997) ..3

**Regulations**

*Compendium II of Copyright Office Practices* § 503.02(a)............................. 10, 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND BRIEF PROCEDURAL HISTORY

On May 4, 2011, Plaintiff Inhale, Inc. ("Plaintiff") initiated this ***frivolous*** copyright infringement action against Defendants Starbuzz Tobacco, Inc. and Wael Salim Elhalwani (herein collectively "Defendants").  On June 18, 2012, the Court granted summary judgment in favor of Defendants and entered judgment against Plaintiff on July 6, 2012.  In granting attorneys' fees to Defendants, the Court found that:

> Defendants achieved total success on the merits. . . Plaintiff ***failed to present admissible evidence in support of its positions***. Plaintiff further ***made objectively unreasonable arguments*** and ***adopted untenable legal positions***. An award of attorneys' fees will ***deter Plaintiff and future plaintiffs from bringing similarly frivolous claims against innocent Defendants***. [ECF No. 72] (emphasis added).

After judgment was entered, Plaintiff stubbornly filed an appeal to the Ninth Circuit.  The Ninth Circuit affirmed this Court's decision granting summary judgment and further affirmed this Court's award of attorneys' fees.  The Ninth Circuit additionally granted Defendants' request for attorneys' fees incurred in defending the appeal filed by Plaintiff.

But still, Plaintiff did not stop there.  Plaintiff filed a Petition for Rehearing with the Ninth Circuit, which was denied.  Plaintiff also filed a meritless petition for writ of *certiorari* to the Supreme Court, which Defendants had no alternative but to expend further resources in opposing.  Unsurprisingly, the Supreme Court denied Plaintiff's petition.

Nevertheless, to this day, Plaintiff and its counsel, Mr. Louis Teran, refuse

1

Defendants' Opposition to Plaintiff's Motion to Set Aside Judgment; Request for Monetary Sanctions Against Plaintiff's Attorney Louis Teran Pursuant to 28 U.S.C. § 1927

to let this case rest on the judgment.  Without justification and without citing applicable legal authority, Plaintiff and its counsel seek to set aside this Court's judgment entered nearly five (5) years ago, on July 6, 2012.

Accordingly, Defendants submit this Opposition to Plaintiff's Motion to Set Aside Judgment.  Further, based on Plaintiff's repeated abuse of the judicial system in needlessly and excessively raising Defendants' litigation costs to continually defend this matter, Defendants request an award of monetary sanctions against Plaintiff's counsel, Mr. Louis Teran, pursuant to 28 U.S.C. § 1927 and/or other applicable authority, in an amount to be determined by the District Court.

## II. SUBSEQUENT CHANGE IN LAW IS GENERALLY NOT CONSIDERED EXTRAORDINARY CIRCUMSTANCES TO SET ASIDE JUDGMENT UNDER RULE 60(b)(6).

### A. Relief Under 60(b)(6) Requires a Showing of Extraordinary Circumstances.

To prevail on a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6)"), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]."  *Lal v. California*, 610 F.3d 518 (9th Cir. 2010); *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (*citing Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971)).  Rule 60(b)(6) is used sparingly as an equitable remedy to prevent manifest injustice.  *U.S. v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047 (9th Cir. 1993).  Given the important and potentially countervailing considerations of a strong public interest and the timeliness and finality of judgments, the exercise of a court's power to set aside a final judgment requires a

2

Defendants' Opposition to Plaintiff's Motion to Set Aside Judgment; Request for Monetary Sanctions Against Plaintiff's Attorney Louis Teran Pursuant to 28 U.S.C. § 1927

showing of extraordinary circumstances.  *Phelps v. Alameida*, 569 F. 3d 1120, 1135 (9th Cir. 2009).

However, as demonstrated by *Phelps*, the vast majority of cases finding extraordinary circumstances sufficient to set aside judgment are those which involve petitions for *habeas corpus* and other issues relating to the deprivation of liberty and/or life.  *See e.g., Ackermann v. U.S.*, 340 U.S. 193 (1950); *Klapprott v. U.S.*, 335 U.S. 601 (1949) (where the Court found a default judgment cancelling the naturalization certificate of a person while in jail to be extraordinary circumstance).  Even in those cases, relief is not always justified under Rule 60(b)(6).  *See e.g., Gonzalez v. Crosby*, 545 U.S. 524 (2005).

This case was about Plaintiff's claim for copyright infringement against Defendants.  It did not involve any manifest injustice or extraordinary circumstances relating to deprivation of liberty or life.  There are no facts to support any extraordinary circumstances which would warrant disturbing the final judgment.

### B.  Intervening Developments in Law Rarely Constitute Extraordinary Circumstances for Rule 60(b)(6) Relief.

"Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)…." *Agostini v. Felton*, 521 U.S. 203 (1997) (*citing J. Moore, et al.,* Moore's Federal Practice § 60.48[5][b], p. 60-181 (3d ed. 1997)).

This rationale especially applies to civil cases.  "Of course, retroactivity in civil cases must be limited by the need for finality; once suit is barred by res judicata or by statutes of limitation or repose, a new rule cannot reopen the door already closed." *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529 (1991)

(citations omitted).  Further, relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

In this case, Plaintiff moves to set aside the judgment based on a recent Supreme Court Decision in *Star Athletica, LLC v. Varsity Brands, Inc*., 580 U.S. ___ (2017).  However, the *Star Athletica* decision is not sufficient to set aside the judgment, because the parties are barred from re-litigating this case based on principles of *res judicata*.  If all litigants were permitted to seek retroactive application of new laws in all circumstances, our judicial system would be faced with a literal infinite stream of reversals and unending litigation.

Even assuming, *arguendo*, that the circumstances allowed the judgment in this case to be set aside and reheard on the merits, *Star Athletica* would not affect the outcome of this litigation, as explained herein.  Therefore, Plaintiff's Motion should be denied.

## III.   PLAINTIFF'S MOTION IS NOT SUPPORTED BY FACT OR LAW.

In this case, Plaintiff has failed to state any facts to show "extraordinary circumstances" and has failed to identify any "manifest injustice" which would require relief under Rule 60(b)(6).  ***Indeed, Plaintiff's motion is completely and utterly devoid of any facts to justify setting aside the judgment in this case***.

Further, the two cases upon which Plaintiff bases its motion are inapplicable and taken completely out of context:

Plaintiff relies on the misinterpreted proposition that "[a] change in relevant case law by the United States Supreme Court warrants relief under Fed. R. Civ. P.

Defendants' Opposition to Plaintiff's Motion to Set Aside Judgment; Request for Monetary Sanctions Against Plaintiff's Attorney Louis Teran Pursuant to 28 U.S.C. § 1927

60(b)(6)" by citing to *Pierce v. Cook & Co.*, 518 F.2d 720, 722-24 (10th Cir. 1975).  Motion at p. 7.  First of all, *Pierce* is a Tenth Circuit case and, as such, is non-binding authority.  Second, *Pierce* was unique because it involved a decisional change in a ***related case*** arising out of the ***same accident***.  *Pierce*, 518 F.2d at 723.  The *Pierce* court found that the facts in that case constituted extraordinary circumstances because divergent results from a common vehicular accident would have resulted if 60(b)(6) were not granted.  *Id.*  Notably, the *Pierce* court explicitly acknowledged that, in general, a "***change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies such relief*** [under 60(b)(6)]."  *Id* (citations omitted) (emphasis added).  Thus, *Pierce* is the exception, not the rule.

Plaintiff also erroneously relies on *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (when a decision from the Supreme Court has "undercut the theory or reasoning underlying a prior circuit precedent in such a way that the cases are clearly irreconcilable . . . district courts should consider themselves bound by the intervening higher authority and reject [a] prior opinion as having been effectively overruled.").  Motion at p. 7.

In *Miller*, the plaintiffs sued defendant social workers, alleging the violation of constitutional and state laws in connection with the placement of a child in foster care, where the child allegedly abused another child.  The defendants in that case moved to dismiss based on principles of absolute immunity for government employees.  The U.S. District Court for the District of Nevada deferred ruling on the motion to dismiss with respect to the issue of absolute immunity and directed the parties to conduct limited discovery on that issue.  Plaintiffs appealed the

district court's order.

On appeal, the three-judge panel of the Ninth Circuit reversed the district court's order, holding that the social workers should have been dismissed because they enjoyed absolute immunity for all their actions "taken in connection with, and incident to, ongoing child dependency proceedings." *Miller v. Gammie*, 292 F.3d 982, 989 (9th Cir. 2002). The Ninth Circuit based its decision on its prior ruling in *Babcock v. Tyler*, 884 F.2d 497, 503-03 (9th Cir. 1989). Reviewing its own decision *en banc*, the Ninth Circuit found that the district court was correct, and clarified that the proper immunity analysis should have been based on the Supreme Court's holdings in *Kalina v. Fletcher*, 522 U.S. 118, 127–29 (1997), and *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432–37 (1993).

Therefore, *Miller* is inapplicable for several reasons. First, *Miller* did not involve review of a final judgment, nor did it involve a motion under Rule 60(b)(6). Rather, it dealt with the Ninth Circuit's *en banc* review of an interlocutory order by the District Court.

Second, the intervening Supreme Court decisions of *Kalina* and *Antoine* were not new rules of law – the Ninth Circuit merely applied its own standard instead of the Supreme Court's standard, which had already existed at the time. In other words, it was not new law that was being retroactively applied as Plaintiff is attempting to do here.

Third, the language from *Miller,* as cited by Plaintiff, consists of mere dicta and has nothing to do with the holding in that case. Motion at p. 7. As such, Plaintiff's citation of *Miller* is misguided and out of context.

**IV.   EVEN IF APPLIED TO THE FACTS OF THIS CASE, *STAR ATHLETICA* WOULD NOT AFFECT THE OUTCOME OF THIS LITIGATION.**

Even if this Court were to apply the *Star Athletica* decision to this case, the outcome would remain the same, in that judgment would be in favor of Defendants.  Specifically, under the seperability test articulated by the Supreme Court in *Star Athletica,* Plaintiff's claimed features would still be ineligible for copyright protection since the features: 1) cannot be perceived separate from the useful article; 2) do not qualify as a protectable pictorial, graphic, or sculptural work; and 3) lack the originality required for copyright protection.  *Star Athletica, LLC v. Varsity Brands, Inc.,* 580 U.S._____ (2017).

**A.   Under Star Athletica, The Shape of Inhale's Water Container Is Not Copyrightable.**

As an initial matter, *Star Athletica* is highly distinguishable because it applied the seperability test **_to surface decorations_** on cheerleading uniforms.  *Id.* However, in our case, Plaintiff specifically disclaimed copyright protection to the surface decorations of its water container (i.e. the skull and crossbones graphics). See Order Granting Defendants' Motion for Summary Judgment ("MSJ Order"), p.5:1-2 [ECF No. 54].  Plaintiff sought copyright protection for the **_shape of its water container,_** and **_not the surface decorations_**.  See Plaintiff's Statement of Genuine Issues of Material Facts In Support of Opposition to Motion for Summary Judgment, at ¶ 6 [ECF No. 48-3] ("Inhale's lawsuit is not based on the infringement of the skull graphic.  It is based on the infringement of the shape of the Hookah Base.").  Therefore, *Star Athletica* does not apply.

Regardless, the Court in *Star Athletica* found that even if the decorations to the cheerleading uniforms were extracted from the uniform, the outline of the

7

cheerleading uniform would be retained.  The Court held, "Respondents may prohibit the reproduction only of the surface designs on a uniform or in any other medium of expression.  ***Respondents have no right to prevent anyone from manufacturing a cheerleading uniform that is identical in shape, cut, or dimensions to the uniforms at issue here.***"  *Id* (emphasis added).

Similarly here, by extracting the skull and crossbones graphic from the water container in the instant case, only the shape or outline of the container remains.  And, consistent with the rationale in *Star Athletica*, Plaintiff would have no right to prevent anyone from manufacturing a water container or hookah base with the same shape or outline.

### B.  The Shape of Plaintiff's Water Container Does Not Qualify for Copyright Protection Under the Test Articulated in *Star Athletica*.

Under *Star Athletica*, the Court held that "[a] feature incorporated into the design of a useful article is eligible for copyright protection only if the feature (1) can be perceived as a two-or three dimensional work of art ***separate from the useful article***, and (2) would qualify as a protectable pictorial, graphic, or sculptural work – either on its own or fixed in some other tangible medium of expression – ***if it were imagined separately from the useful article into which it is incorporated.***"  *Id* (emphasis added).   That test is not satisfied here.

Specifically, the featured shape of Plaintiff's water container, even if perceived as a two-or three dimensional work of "art,"  is not separable from its useful article.  Indeed, the shape of Plaintiff's water container is not separable from itself because the shape of a water container is, by itself, a water container.

Further, the shape of Plaintiff's water container does not qualify as a protectable pictorial, graphic, or sculptural work because it cannot be imagined

8

separately from the useful article into which it is incorporated.  One cannot take away the shape of a water container and still have a device that contains water:

> Of course, to qualify as a pictorial, graphic, or sculptural work on its own, the feature cannot itself be a useful article or '[a]n article that is normally a part of a useful article' (which is itself considered a useful article).  Nor could someone claim a copyright in a useful article merely by creating a replica of that article in some other medium—for example, a cardboard model of a car.  ***Although the replica could itself be copyrightable, it would not give rise to any rights in the useful article that inspired it***.

*Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. ____(2017) (emphasis added).

Further, "[t]he overall shape of a useful article is not copyrightable 'no matter how aesthetically pleasing that shape may be.'"  *See* MSJ Order p. 6, *citing Esquire, Inc. v. Ringer*, 591 F.2d 796, 800 (D.C. Cir. 1978).

Pursuant to the Supreme Court's holding above, and based on the analysis herein below, Plaintiff would ***not*** be able to obtain copyright protection for the images of the water container shown on page 15 of its Motion.  Further, even if Plaintiff were somehow able to obtain copyright protection for those images identified on page 15 of its Motion, it would ***not*** give rise to any rights in the actual useful article itself – i.e. the water container.  Therefore, Plaintiff's water container is not copyright protectable under *Star Athletica*.

## C.    Plaintiff's Claimed Individual Features Cannot be Perceived Separate from its Water Container, Since They Do Not Have Pictorial, Graphic or Sculptural Qualities.

In addition, the *Star Athletica* Court describes a feature as an "an artistic sculpture, carving, or pictorial representation."  *Star Athletica, LLC v. Varsity*

9

*Brands, Inc.*, 580 U.S._____ (2017).  Such features incorporated into the design of a useful article are eligible for copyright protection **_only if_** they can be identified separately from the utilitarian aspects of the article.  *Id.*  In making this determination, the decision maker first needs to look at the useful article and spot some two or three-dimensional element that appears to have pictorial, graphic or sculptural qualities.  *Id.*

Plaintiff claims that the features of its water container, a "lip," a "narrowing neck," an "hourglass shape," a "floating ring," a "skirtlike surface," and two "flat surfaces" (herein collectively, the "Claimed Features") deserves copyright protection based on *Star Athletica*.  Based solely on two dimensional and three dimensional renderings of a *combination* of the Claimed Features, Inhale concludes that the "hookah water container, at least, appears to have pictorial, graphic, or sculptural qualities."  However, a proper analysis requires a determination of whether the *individual* element, or *individual* feature, has any pictorial, graphic, or sculptural qualities.  Under this test, the features claimed by Inhale are revealed to be **_simple geometric shapes_** that are not entitled to copyright protection.  *Compendium II of Copyright Office Practices* § 503.02(a). Moreover, such features are certainly not artistic sculptures, carvings, nor pictorial representations that can be perceived *separate* from the actual water container itself.

Accordingly, the Claimed Features are not entitled to copyright protection since, individually, they do not include any "artistic sculpture, carving, or pictorial representation," that can be perceived separately from the useful article.

### D.  Plaintiff's Claimed Individual Features Do Not Qualify As Protectable Pictorial Graphic or Sculptural Work.

Further, a pictorial, graphic, or sculptural feature incorporated into the design of a useful article is eligible for copyright protection only if it is capable of existing independently of the utilitarian aspects of the article.  *Star Athletica, supra*.  In other words, the individual feature must be able to exist as its own pictorial, graphic, or sculptural work.  *Id.*  Moreover, basic shapes, familiar symbols, and designs including geometric figures in three-dimensional form, such as the cone, cube, or sphere, are not copyrightable.  *Compendium II of Copyright Office Practices* § 503.02(a).

Assuming, *arguendo,* this Court were even able to perceive the Claimed Features in three-dimensional form, each individual feature is a mere basic geometric figure: 1) the "lip" is a cylinder; 2) the "narrow neck" is a cone; 3) the "hourglass shape," is an hourglass; 4) the floating ring is a cylinder; 5) the "skirt-like surface" is a cone; and 6) the two "flat surfaces" are cylinders.  Since such geometric shapes are not copyrightable, they cannot exist as their own pictorial, sculptural, or graphic works.

Accordingly, the Claimed Features do not qualify as a protectable pictorial, graphic, or sculptural work.

### E.  Plaintiff's Water Container is Not Entitled to Copyright Protection Since it is Unoriginal

Copyright protection only extends to "original works of authorship." 17 U.S.C. § 102.  This means that any copyrighted expression must be original; there must be something more than a trivial variation of works already in the public domain. 17 U.S.C. § 102(b).

Here, Plaintiff's water container is not entitled to copyright protection because it has been expressed in the public domain for centuries. A basic internet search reveals that Plaintiff's product has been in the public domain since at least as early as the 1700's:



*18th Century "Bronze Hookah Bottle"*

Ngai Decl. ¶ 6.



*19th Century "Mughal Style Hookah Vase"*

Ngai Decl. ¶ 7.

Defendants' Opposition to Plaintiff's Motion to Set Aside Judgment; Request for Monetary Sanctions Against Plaintiff's Attorney Louis Teran Pursuant to 28 U.S.C. § 1927

These hookah bottles confirm that the Claimed Features of Inhale's water container have been in the public domain for hundreds of years. The bottles shown above each contain a lip, narrowing neck, hourglass shape, floating ring, skirt like surface, and are followed by two flat surfaces. In view of these works, Plaintiff's water container at best contains mere variations of the designs already in the public domain and lacks the originality necessary to entitle it to copyright protection.

Based on the foregoing, even if the court were to apply the *Star Athletica* decision at this time, the outcome would not be changed since Plaintiff's water container is not entitled to protection under the seperability test. However, since our analysis should be limited to whether there are "extraordinary circumstances" to justify granting Plaintiff's Rule 60(b)(6) motion, these issues are not ripe for discussion at this stage, and Defendants reserve the right to assert further and more developed argument at the appropriate time, if necessary.

## V.   PLAINTIFF FAILED TO PROPERLY MEET AND CONFER.

Plaintiff also misstates the facts by claiming that its motion "is made following Defendant's [sic] express refusal to meet and confer pursuant [sic] Local Rules." Motion at p. 2. On March 29, 2017, Plaintiff e-mailed Defendants, informing them that it intended to file this motion, but did not identify any "extraordinary circumstances" to set aside judgment.

In response, Defendants sent a meet and confer letter dated April 6, 2017 to Mr. Teran which explained the aforementioned above case law, and further invited Mr. Teran to call Defendants' counsel to discuss further:

> We hope this letter is sufficient to dismiss any intention by you in filing your Motion, and believe that no further meet and

13

confer is required.  **<u>Of course, if you would still like to discuss this matter further, we are amenable to having a conference call with you at 4:00 p.m. today.</u>**

See Declaration of L. Teran, Exhibit 5 (emphasis added).

Nevertheless, Mr. Teran did not respond to Defendants' meet and confer letter, did not provide any legal authority in support of Inhale's Motion, and did not make any attempt to call Defendants' counsel.  Instead, Plaintiff violated Local Rule 7-3 and filed this motion just four (4) days later, on April 10, 2017, when Defendants' counsel was in the middle of a trial.  As such, Mr. Teran's representation that Defendants refused to meet and confer, ***is false***.

## VI.   DEFENDANTS REQUEST MONETARY SANCTIONS AGAINST PLAINTIFF'S COUNSEL PURSUANT TO 28 U.S.C. § 1927 FOR FILING THIS FRIVOLOUS MOTION

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Plaintiff initiated this frivolous lawsuit on May 4, 2011.  The Court heard oral argument on Defendants' Motion for Summary Judgment on May 21, 2012. See Declaration of Daniel H. Ngai ("Ngai Decl."), filed concurrently herewith, ¶ 1, **<u>Exhibit A</u>**.  During the hearing, the Court observed that in 86 percent of the time, Plaintiff did not have any supporting evidence to refute the assertions made by Defendants.  Ngai Decl. ¶ 1, **<u>Exhibit A</u>** at 4:1-5.  The Court further noted that Plaintiff's arguments were not supported by admissible evidence other than a registration certificate.  Ngai Decl. ¶ 1, **<u>Exhibit A</u>** at 11:9-16.

14

On or about June 18, 2012, the Court granted, in part, Defendants' Motion for Summary Judgment.  Ngai Decl. ¶ 2, **Exhibit B**.  The Court further granted Defendants' Motion for Attorneys' Fees, finding that it was necessary to "***deter Plaintiff…from bringing similarly frivolous claims against innocent Defendants***."  See Ngai Decl. ¶ 3, **Exhibit C** at 2:18-27 (emphasis added).

Plaintiff appealed, but the Ninth Circuit affirmed this Court's decision granting summary judgment and agreed with this Court's award of attorneys' fees:

> In ruling that the factors favored an award [of attorneys' fees] to Starbuzz, the district court relied on, among other things, Starbuzz's "total success on the merits" and the need for deterrence of "similarly frivolous claims against innocent Defendants."
> The district court did not abuse its discretion because "the reasons given by the district court in this case are well-founded in the record and are in keeping with the purposes of the Copyright Act," *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996).

Ngai Decl. ¶ 4, **Exhibit D** at p. 9-10.  The Ninth Circuit even granted Defendants the recovery of their attorneys' fees incurred in defending against Plaintiff's frivolous appeal.

Plaintiff filed a Petition for Rehearing *En Banc* on January 23, 2014, which was similarly denied.  Plaintiff subsequently filed a meritless petition for writ of *certiorari* to the Supreme Court on or about August 28, 2014, which Defendants were forced to oppose.  That, too, was denied.  Ngai Decl. ¶ 5, **Exhibit E.**

Throughout this whole case, Plaintiff's counsel has repeatedly filed frivolous pleadings to unreasonably and vexatiously increase the cost of litigation for Defendants.  ***It has been six years since this action was initiated and about***

Defendants' Opposition to Plaintiff's Motion to Set Aside Judgment; Request for Monetary Sanctions Against Plaintiff's Attorney Louis Teran Pursuant to 28 U.S.C. § 1927

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***five years since judgment was entered, yet Plaintiff is still seeking to set aside the judgment without any legal or factual basis***.  This case was frivolous then, and this Motion is frivolous now.  To compensate Defendants for the excess costs, expenses, and attorneys' fees reasonably incurred in opposing this Motion, Defendants request an award of monetary sanctions against Plaintiff's counsel, Mr. Louis Teran, personally, pursuant to 28 U.S.C. § 1927.  Upon the Court's approval, Defendants will submit an itemized attorneys' fees request to the Court for its consideration once the Court has issued such order awarding sanctions.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiff's Motion to Set Aside Judgment, and to issue monetary sanctions against Plaintiff's counsel, Mr. Louis Teran.

Dated: April 17, 2017

Respectfully Submitted,
**THE PATEL LAW FIRM, P.C.**

s/ Natu J. Patel
Natu J. Patel
Attorneys for Defendants and
Counterclaimant,
Starbuzz Tobacco, Inc. and
Wael Salim Elhalwani

16

# CERTIFICATE OF SERVICE
## CENTRAL DISTRICT OF CALIFORNIA
## Inhale, Inc. v. Starbuzz, et al: Case No.: 2:11-cv-03838-ODW-FFM

The undersigned certifies that on April 17, 2017 the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT PURSUANT TO FRCP 60(b)(6); REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEY LOUIS TERAN PURSUANT 28 U.S.C. § 1927**

Pursuant to L.R. 5-3.3, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system. Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

s/ Natu J. Patel
Natu J. Patel

Defendants' Opposition to Plaintiff's Motion to Set Aside Judgment; Request for Monetary Sanctions Against Plaintiff's Attorney Louis Teran Pursuant to 28 U.S.C. § 1927