O

# United States District Court
# Central District of California

| | |
|---|---|
| INHALE, INC., <br>            Plaintiff, <br>    v. <br> STARBUZZ TOBACCO, INC.; WAEL SALIM ELHALAWANI, <br>            Defendants. | Case № 2:11-cv-03838-ODW (FFM) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER [112]** |

## I. INTRODUCTION

Inhale, Inc. ("Inhale") filed this Federal Rule of Civil Procedure 60(b)(6) motion urging the Court to reconsider its previous decision that a particular hookah water container was not copyrightable. (ECF No. 112.) For the following reasons, the Court **DENIES** the motion.

## II. FACTUAL BACKGROUND

Inhale designs, manufactures, and sells various smoking devices including hookahs. (Mot. 5, ECF No. 112.) On May 4, 2011, Inhale sued Starbuzz Tobacco Inc. and Wael Salim Elhalawani (collectively "Starbuzz") for copyright infringement, alleging that Starbuzz sold hookah water containers that infringed its copyrighted design. (ECF No. 1.) On June 18, 2012, the Court granted Starbuzz's motion for

summary judgment, finding that the utilitarian and artistic features of the water container were not physically or conceptually separable. (Order 8, ECF No. 54.) The Court also emphasized that "what matters" is the intent of the object's designer, in this case, whether Inhale meant for the water container to be a useful article or a work of art. (*Id.*)

The Ninth Circuit affirmed the Court's decision on January 9, 2014. *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1043 (9th Cir. 2014). The Ninth Circuit found that the shape of the water container and its function were not conceptually separable and thus the water container was not copyrightable: "the shape is not independent of the container's utilitarian function." *Id.* at 1042.

Inhale appealed the Ninth Circuit's decision to the Supreme Court. *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 135 S. Ct. 758 (2014). However, the Supreme Court denied certiorari on December 8, 2014. *Id.*

More than twenty-seven months after denying certiorari in this case, the Supreme Court decided *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002 (2017), which clarified the test for copyrightability of useful articles. On April 10, 2017, Inhale filed the pending motion requesting that the Court reconsider its previous decision in light of the *Star Athletica* test. (ECF No. 112.) Starbuzz filed an opposition on April 17, 2017, responding to Inhale's motion and requesting that the Court impose sanctions on Inhale for filing the pending motion, which it considers to be frivolous. (ECF No. 113.) Inhale filed a reply on April 24, 2017. (ECF No. 114.)[1]

### III. LEGAL STANDARD

A party may bring a motion pursuant to Rule 60(b) seeking relief from a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Paragraphs one through five of Rule 60(b) enumerate specific grounds on which a court may set aside or reconsider a judgment. *Id.* Paragraph six of Rule 60(b) is a catch-all provision that allows a

---

[1] After considering the papers filed in connection with this motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

court to set aside or reconsider a judgment for "any other reason that justifies relief." *Id.* However, the Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly" and only when necessary to "prevent manifest injustice." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).

## IV.  DISCUSSION

**A. The Motion for Reconsideration**

At some point, all cases must end. Inhale does not seem to understand this, as it moves to reopen this proceeding five years after the Court's initial case dispositive summary judgment order, and approximately three years after its unsuccessful appeals to the Ninth Circuit and the Supreme Court.

Inhale's motion fails for multiple reasons. To begin, Inhale has not pointed to any binding legal authority that suggests Rule 60(b)(6) may be used to overturn a final decision in a non-habeas civil case years after exhaustion of the appeals process based on a change in law. While the Ninth Circuit indicated in *Phelps v. Alameida*, 569 F.3d 1120, 1133–34 (9th Cir. 2009) that under certain circumstances a district court may reconsider its final decision in a habeas case pursuant to Rule 60(b)(6) based on a change in law, it did not suggest that such reconsideration is appropriate in other types of civil cases years after exhaustion of the appeals process. While two district courts in this circuit have extended *Phelps* to allow for Rule 60(b)(6) reconsideration of non-habeas civil cases based on a change in law, neither of these courts was faced with a change in law that occurred years after exhaustion of the appeals process. *Nationstar Mortg., LLC v. Hometown W. II Homeowners Ass'n*, No. 215CV01232RCJNJK, 2017 WL 58567, at *2–3 (D. Nev. Jan. 4, 2017) (granting reconsideration in a foreclosure case based on a change in law after decision on motion for summary judgment *but before* judgment was entered); *Eubank v. Terminix Int'l, Inc.*, No. 15CV00145-WQH (JMA), 2016 WL 6277422, at *6 (S.D. Cal. Oct. 27, 2016) (granting reconsideration in a class action based on a change in law after district court's final decision *but*

*before* appeal was adjudicated). Furthermore, both of these district court cases have been appealed and are currently pending before the Ninth Circuit.

To allow reconsideration under these circumstances would seriously undermine the finality of judgments and open the floodgates of litigation by encouraging any disgruntled litigant to file a Rule 60(b)(6) motion if they believe there has been even a tangentially-related change in law. *See Rich v. Shrader*, No. 09 CV 0652 MMA BGS, 2011 WL 181764, at *4 (S.D. Cal. Jan. 18, 2011) (noting that "the judicial system[]" has a "strong interest in finality and conservation of judicial resources."). Finding an absence of case law support for reconsideration in this case and that sound public policy counsels against reconsideration under these circumstances, the Court **DENIES** Inhale's motion.

Alternatively, the Court denies Inhale's motion because application of the *Star Athletica* test would not change the outcome of the underlying proceeding. *Star Athletica* concerned the copyrightability of designs printed or sewn onto cheerleading uniforms. 137 S. Ct. at 1007. The Supreme Court found that such designs were copyrightable despite the fact that they were part of a useful article. *Id.* at 1016. In reaching this conclusion, the Supreme Court invoked a two-part test to determine the copyrightability of a useful article. *Id.* at 1007. The Supreme Court held that "a feature incorporated into the design of a useful article is eligible for copyright protection only if the feature (1) can be perceived as a two or three-dimensional work of art separate from the useful article and (2) would qualify as a protectable pictorial, graphic, or sculptural work—either on its own or fixed in some other tangible medium of expression—if it were imagined separately from the useful article into which it is incorporated." *Id*. In addition to setting out the two-part test, the Supreme Court also explicitly abrogated a number of other tests, including the physical separability test and the designer's perspective test, each of which factored into this Court's original decision. *Id.* at 1014–15.

Inhale's proposed application of *Star Athletica* is problematic on several levels. Most significantly, Inhale fails to point out a sculptural feature of the water container or a subset of features of the water container that may serve as the predicate for application of the *Star Athletica* test; it seeks protection not for any particular feature of the water container but for the way the features as a whole "are arranged to form [the] hookah water container." (Reply 14, ECF No. 114.) When an entity seeks protection for the arrangement of all the parts of an article, combined in the manner necessary to create the article, it is effectively seeking protection for the article as a whole. However, such wholesale protection is not allowed for useful articles. *See Chosun Int'l, Inc. v. Chrisha Creations, Ltd.*, 413 F.3d 324, 328 (2d Cir. 2005) ("[W]hile 'useful articles', taken *as a whole,* are not eligible for copyright protection, the individual design elements comprising these items may, viewed *separately,* meet the Copyright Act's requirements." (emphasis added)) *abrogated on other grounds by Star Athletica*, 137 S. Ct. at 1014; 17 U.S.C. § 101 (discussing only "pictorial, graphic, or sculptural *features*" of a useful article (emphasis added)). Inhale lost the ability to claim that the water container as a whole constitutes a piece of "modern sculpture," a "museum piece" or "standalone" work of art when it agreed in the underlying proceeding that the water container was a useful article. (*See* Reply 13–14 (arguing that the water container could be "modern sculpture," a "museum piece" or "standalone" work of art); *see also* Order 6 (indicating that the parties agreed the water container is a useful article).)

The Court is therefore left to determine whether any of the water container's features individually, or a subset of those features, satisfies the first element of the *Star Athletica* test. The Court finds that they do not. As Starbuzz points out, there is nothing distinctive or artistic about the individual features—despite Inhale's flowery language describing the features, they are essentially geometric shapes of the most common type. (*See* Mot. 11; Opp'n 10–11, ECF No. 113); *see also* Compendium of Copyright Office Practices II § 503.02(a) (indicating that "common" geometric shapes

by themselves are not copyrightable). Inhale itself recognizes that "each individual geometric figure is not likely protectable." (Reply 14.) Combining two or three of these common geometric shapes together does little to improve the situation—the components of the water container at issue are simply not works of art in even the broadest, most liberal sense. *See* Compendium of Copyright Office Practices II § 503.02(b) ( "[t]he [minimal] creative expression . . . [necessary for sculptural works] must consist of something more than the mere bringing together of two or three standard forms or shapes with minor or spatial variations.")

This is not to say that there are not some, if not many, useful articles composed of *unique* geometric shapes variations or *unique* combinations of geometric shapes that might pass muster under the *Star Athletica* test. 137 S. Ct. at 1007.



It is only to say that the water container at issue here is no Noguchi Table.[2] Finding that application of *Star Athletica*'s copyrightability test would not alter its previous

---

[2] The Noguchi Table was designed by Isamo Noguchi in 1939 for the then president of the Museum of Modern Art in New York City, the original remains in the museum's permanent collection. *See* https://store.moma.org/mobile/product/productDetails.form?productId=49295& categoryId=11461.

decision in favor of Starbuzz, the Court also **DENIES** Inhale's motion for reconsideration on this basis.

### B. Starbuzz's Request for Sanctions

Under 28 U.S.C. § 1927, sanctions may be imposed on "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." However, before "imposing § 1927 sanctions, the court must make a finding of subjective bad faith, not merely objectively unreasonable behavior." *Custom Packaging Supply, Inc. v. Phillips*, No. 215CV04584ODWAGR, 2015 WL 8334793, at *6 (C.D. Cal. Dec. 7, 2015). The Ninth Circuit has recognized that the task of proving bad faith is onerous. *See Primus Auto. Fin. Serv., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (noting that the "threshold" for bad faith is "high").

Starbuzz argues that this motion is part of a larger pattern of frivolous conduct instigated by Inhale and its attorney. (Opp'n 1–2, 14–15.) Starbuzz highlights the lack of admissible evidence presented by Inhale during the underlying proceeding and Inhale's decision to appeal this Court's decision to the Ninth Circuit and eventually to the Supreme Court. (*Id.*) Starbuzz also draws attention to the Court's attorneys' fees order which indicates that fees were awarded in part "to deter [Inhale] . . . from bringing similarly frivolous claims against innocent [d]efendants." (*Id.* at 15.)

The Court finds that while Inhale's motion may, in hindsight, have been objectively unreasonable, it was not brought in bad faith. *Custom Packaging Supply*, 2015 WL 8334793, at *6 (denying request for sanctions under 28 U.S.C. § 1927 where there was insufficient evidence of bad faith). Further, as Starbuzz's motion indicates, the Court already accounted for Inhale's conduct during the underlying proceeding in its award of attorneys' fees. (Opp'n 15.) Accordingly, the Court will not impose sanctions on Inhale.

## V.   CONCLUSION

Based on the foregoing, the Court **DENIES** Inhale's motion for reconsideration. (ECF No. 112.)

**IT IS SO ORDERED.**

May 8, 2017

                              _____
                                   **OTIS D. WRIGHT, II
                              UNITED STATES DISTRICT JUDGE**